J-S79018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BASIL BROOKS, | |
| Appellant | No. 3268 EDA 2013 |

Appeal from the PCRA Order of November 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0606211-2006

BEFORE:  ALLEN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 25, 2015**

Appellant, Basil Brooks, appeals from an order entered on November 22, 2013 in the Criminal Division of the Court of Common Pleas of Philadelphia County that dismissed, without a hearing, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the background facts in this matter as follows:

> On October 10, 2007, [a jury found Appellant guilty of first-degree murder,] [v]iolation of the [u]niform [f]irearms [a]ct (VUFA), and [p]ossession of an [i]nstrument of [c]rime (PIC). On November 29, 2007, the [trial c]ourt imposed a mandatory sentence of life imprisonment for murder, a consecutive sentence of one to seven (1-7) years' incarceration for VUFA, and a sentence of one to two (1-2) years' incarceration for PIC to run concurrent to the sentence imposed for his VUFA conviction.

*Retired Senior Judge assigned to the Superior Court.

On December 5, 2007, Appellant filed post-sentence motions, which were denied by the [trial c]ourt on April 8, 2008. Appellant then filed a direct appeal, claiming the [trial c]ourt erred in admitting "prior bad acts" testimony into evidence, challenging the weight and sufficiency of his [convictions], and that the [trial c]ourt erred by giving the jury a hypothetical example to illustrate the recklessness required for third[-]degree murder. Appellant's judgment of sentence was affirmed on May 25, 2010. [Thereafter,] Appellant's [p]etition for [a]llowance of appeal was denied on January 20, 2011.

On December 9, 2011, Appellant filed a *pro se* [PCRA p]etition. Counsel was appointed and filed an [a]mended [p]etition on November 1, 2012. On May 21, 2013, the Commonwealth filed a [m]otion to [d]ismiss. On June 4, 2013, Appellant filed an answer to the Commonwealth's motion and on June 7, 2013, a [s]upplemental [a]mended [p]etition was filed. On July 18, 2013, the Commonwealth filed a [s]upplemental [m]otion to [d]ismiss in response.

On October 18, 2013, th[e PCRA c]ourt filed a notice of intent to dismiss pursuant to Pa. R. Crim. P. 907. Th[e PCRA c]ourt formally dismissed Appellant's PCRA petition on November 22, 2013.

Appellant filed his [n]otice of [a]ppeal on November 25, 2013. That same day, th[e PCRA c]ourt ordered Appellant to file a self-contained and intelligible statement of matters complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Appellant filed a timely 1925(b) [s]tatement on November 27, 2013.

PCRA Court Opinion, 6/23/14, at 1-2.

Appellant's brief[1] raises the following questions for our review:

_____

[1] Following the timely filing of his brief, Appellant filed an application for this Court to accept his principal brief although it was prepared using 12-point font as opposed to 14-point font required pursuant to Pa.R.A.P. 124(a)(4). We grant Appellant's request.

Did the PCRA court err in denying without a hearing the following claims, all of which were answered in the negative below:

Was counsel ineffective for failing to impeach the two primary Commonwealth witnesses with evidence related to their own 19 criminal cases?

Was counsel ineffective for failing to request a jury instruction pursuant to **Commonwealth v. Kloiber** in light of the evidence that eyewitness Angelo Slaughter failed to identify Appellant on a prior occasion?

Was counsel ineffective for failing to object to the trial court's instruction that required a grave and serious doubt before a juror could vote to acquit?

Was counsel ineffective for failing to object when the trial court excluded the public from the courtroom during the trial for a trivial reason that did not outweigh Appellant's rights to a public trial?

Was counsel ineffective for failing to object to the trial court's unprecedented procedure of conducting portions of voir dire, including the exercise of both for-cause and peremptory challenges, in the absence of Appellant?

Did the PCRA court err in denying the PCRA petition without ever addressing Appellant's motions for discovery as set forth in various pleadings seeking information regarding:

Commonwealth efforts to relocate Angelo Slaughter and to provide assistance of any kind to him;

Benefits conferred by the Commonwealth to either Angelo Slaughter or Leslie Spaulding in connection with their various criminal cases;

Evidence in the possession of either the Commonwealth or Clerk of Courts that would help re-create a record to determine on which jurors the Commonwealth exercised peremptory challenges; and

The notes of testimony on several cases of the Commonwealth witness?

Appellant's Brief at 3-4.

Appellant challenges an order that summarily dismissed his PCRA petition alleging claims that trial counsel was ineffective. The standard and scope of review, as well as the general principles of law, that govern such claims are as follows:

> Under our standard of review for an appeal from the denial of PCRA relief, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA court's credibility determinations are binding on [appellate courts] when they are supported by the record. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

> To be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include . . . ineffective assistance of counsel which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). []

> Under Pennsylvania Rule of Criminal Procedure 90[7], the PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 90[7(1)]. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements[:] (1) the underlying legal claim has arguable merit; (2) counsel

had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. [A claim possesses arguable merit if counsel's action or inaction is inconsistent with a constitutional guarantee, statute, rule of procedure, or established precedent.] With regard to the second, reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness[.]

**Commonwealth v. Paddy**, 15 A.3d 431, 441-443 (Pa. 2011) (internal quotations and case citations omitted). If a claim fails under any required element of the test for ineffectiveness, the court may dismiss the claim on that basis. **Commonwealth v. Reid**, 99 A.3d 427, 436 (Pa. 2014).

In his first issue, Appellant asserts that the PCRA court erred in dismissing, without a hearing, his claim that trial counsel rendered ineffective assistance in failing to impeach the Commonwealth's two primary witnesses with relevant and admissible aspects of their respective criminal histories. At trial, the Commonwealth's case against Appellant centered on the testimony of Angelo Slaughter and Leslie Spaulding. The Commonwealth offered Slaughter as an eyewitness to the murder and Spaulding provided background information that established Appellant's motive for the crime. Appellant alleges that trial counsel was unjustified in failing to inquire into the details of the witnesses' criminal histories, that

counsel lacked a reasonable basis for this omission, and that counsel's decision "prevented Appellant from fully challenging [the witnesses'] self[-]interest and meaningfully establishing their expectation of leniency[.]" Appellant's Brief at 25.

We address this claim by reviewing the witnesses' respective criminal histories that Appellant says should have been presented to the jury. We then review and apply the law governing the admissibility of this information. Our analysis focuses first on Slaughter and then turns to Spaulding. Since we conclude that trial counsel presented the admissible aspects of the witnesses' criminal histories to the jury, we conclude that the PCRA court did not err in dismissing Appellant's petition without a hearing.

Appellant alleges that trial counsel should have presented, as impeachment material, detailed aspects of Slaughter's criminal history. Specifically, Appellant lists the following incidents as relevant and admissible grounds for impeachment:  1) a February 8, 2005 carjacking arrest that was pending when Slaughter gave police statements but that was *nolle prossed* five weeks after he identified Appellant; 2) a March 28, 2006 guilty plea to aggravated assault for which Slaughter was serving probation or parole at the time he testified in the present case[2]; 3) an April 9, 2007 arrest for

_____

[2] Appellant suggests that counsel should have examined Slaughter to establish that he may have sought to curry favor with the Commonwealth because of potential violations of the terms of his supervisory sentence, *(Footnote Continued Next Page)*

eluding a police officer and driving under the influence and a May 10, 2007 felony theft charge (both from Luzerne County) that were pending at the time he testified in this case and for which he received probation following the conclusion of Appellant's trial; 4) the Commonwealth's decision not to proceed with charges arising from Slaughter's false initial statements to police in this matter; and, 5) various juvenile offenses that were either withdrawn, dismissed, or proceeded to unspecified delinquency adjudications between 2001 and 2004. *See id.* at 13-19.

Appellant's claim is that trial counsel should have combed through the details of each of the foregoing incidents in order to demonstrate for the jury that Slaughter received favorable treatment or consideration from the Commonwealth. Appellant argues that it was incumbent upon trial counsel to place before the factfinder the nature and seriousness of Slaughter's charges, the terms of his sentences, and possible benefits garnered from the Commonwealth to allow the jurors in Appellant's case to assess thoroughly Slaughter's motives for skewing his testimony in favor of the Commonwealth.

After careful review, we conclude that the admissible portions of Slaughter's criminal record were introduced at trial and that trial counsel was not ineffective as Appellant alleges. The admission of prior bad acts is

*(Footnote Continued)* ―――――――――

including subsequent arrests, his possible status as an absconder, and the payment status of his fines and costs. *See* Appellant's Brief at 16-17.

- 7 -

within the discretion of the trial court and will only be reversed upon a showing of abuse of discretion. *Commonwealth v. Patterson*, 91 A.3d 55, 68 (Pa. 2014). It is well-settled in this Commonwealth that evidence of a distinct crime, except under special circumstances, is inadmissible. *Id*. "[Rule 608(b) of the Pennsylvania Rules of Evidence] precludes the admission of specific instances of misconduct to attack a witness' character for truthfulness while Pa.R.E. 609(a) requires an actual conviction of a crime involving dishonesty or false statement in order for a witness's credibility to be attacked with evidence of the crime." *Commonwealth v. Chmiel*, 889 A.2d 501, 534 (Pa. 2005). "[Where] there [is] no conviction, admission of this evidence [is] properly barred to challenge the credibility of the witness." *Id*. "Under [Pa.R.E. 609(d)], in a criminal case, [evidence of a juvenile delinquency adjudication] may be used to impeach the credibility of a witness if [a] conviction [for] the offense would be admissible to attack the credibility of an adult." *Commonwealth v. Hoover*, 2014 WL 7392244, *8 (Pa. 2014).

On direct examination by the Commonwealth, Slaughter admitted that he was currently on probation and/or parole for a prior conviction (for his March 28, 2006 guilty plea to aggravated assault) and that he had two open cases pending in Pennsylvania (his Luzerne County charges). N.T., 10/4/07, at 97-98. During cross-examination, Slaughter testified that, at the time he identified Appellant as the shooter, he feared becoming involved in this case

- 8 -

and he was worried about his other open cases and the fact he was on probation and/or parole. *Id.* at 170-172. Lastly, in her final instructions, the trial judge reminded the jurors about Slaughter's prior conviction and open cases and directed them to consider how such evidence might affect the veracity of Slaughter's testimony. N.T., 10/9/07, at 158. Since the jury was plainly made aware of Slaughter's supervised status and open cases, it possessed ample information to assess Slaughter's credibility as a witness. Moreover, because trial counsel cannot be deemed ineffective for failing to pursue meritless claims, the remaining aspects of Slaughter's criminal history furnish no grounds for collateral relief.

With regard to Spaulding, Appellant alleges that trial counsel was ineffective in failing to present the jury with information concerning: 1) Spaulding's December 8, 2005 felony drug and firearms arrest; 2) a reduction in Spaulding's bail two weeks before he testified at Appellant's trial; 3) a series of arrests from 2003 through 2006 for which the charges have been withdrawn; and 4) two juvenile delinquency prosecutions, one which involved an adjudication for the theft or unauthorized use of an automobile and another where the Commonwealth dismissed the charges. *See* Appellant's Brief at 22-23.

Our review of the record confirms that trial counsel used the admissible portions of Spaulding's criminal history to make the jury aware of his interest in currying favor with the Commonwealth. Trial counsel

questioned Spaulding about his open firearms charges and his efforts to obtain bail on those offenses. N.T., 10/9/07, at 51-52. In fact, the jury heard that Spaulding received use immunity in exchange for his testimony in the present case. **Id.** at 47-48. In addition, as with Slaughter, the trial judge reminded the jurors about Spaulding's open cases and directed them to consider the possibility of how such evidence might affect the truthfulness of his testimony. **Id.** at 158. Since trial counsel made the jury aware of Spaulding's potential bias, we find that Appellant's allegation merits no relief.[3]

Appellant's second issue contends that trial counsel was ineffective for failing to request an instruction under **Commonwealth v. Kloiber**, 106 A.2d 820 (Pa. 1954). The thrust of Appellant's claim is that Slaughter (who knew Appellant from the neighborhood) initially failed to identify Appellant as the assailant in this case. In support of his claim, Appellant stresses that "**Kloiber** requires a cautionary instruction whenever a trial identification is preceded by a prior failure to identify[.]" Appellant's Brief at 36.

A **Kloiber** charge is appropriate where there are special identification concerns: a witness did not have the opportunity to clearly view the defendant, equivocated in his identification of a defendant, or had difficulty

---

[3] Given Appellant's failure to demonstrate prejudice on the present record, we conclude that he is not entitled to relief based upon counsel's alleged failure to confront Spaulding with a single juvenile adjudication involving *crimen falsi*.

making an identification in the past.  *Cf. Commonwealth v. Rollins*, 738 A.2d 435, 448 n.14 (Pa. 1999).  However, "[w]hen the witness already knows the defendant, this prior familiarity creates an independent basis for the witness's in-court identification of the defendant and weakens ineffectiveness claims based on counsel's failure to seek a *Kloiber* instruction." *Commonwealth v. Ali*, 10 A.3d 282, 303 (Pa. 2010) (citations omitted).  Since the need for a *Kloiber* charge focuses on the ability of a witness to identify the defendant, our decisional law is clear that prior inconsistent statements based upon fear of endangerment do not equate to a witness' prior failure to identify a defendant.  *Reid*, 99 A.3d at 449; *Commonwealth v. Lee*, 585 A.2d 1084, 1087 (Pa. Super. 1991) (*Kloiber* instruction inappropriate since fear of identifying defendant cannot be equated to failure to make identification).  The facts here show that Slaughter was unwilling, not unable, to identify Appellant since he feared designation as a "snitch."  Hence, there was no call for a *Kloiber* instruction and counsel was not ineffective in deciding to forego such a charge.

Appellant's third claim alleges that trial counsel was ineffective in failing to object to a portion of the instructions to the jury in which the court supposedly employed a misleading analogy to illustrate the Commonwealth's burden of proof.  Although Appellant admits that the court properly defined the Commonwealth's burden in a separate section of the charge, he claims

that trial counsel lacked a reasonable basis for his failure to object, which prejudiced him.

Appellant is not entitled to relief on this claim. As we have said in prior cases involving challenges to the instructions given to jurors:

> The nature of a court's instructions to the jury is within the discretion of the court, so long as the court accurately instructs the jury on the appropriate legal principles involved. This Court's main concern is that the charge clearly, adequately, and accurately presents the law to the jury for its consideration. The jury charge must be reviewed not in isolated portions but as a whole to ascertain whether it fairly conveys the required legal principles at issue.

*Commonwealth v. Willis*, 990 A.2d 773, 776 (Pa. Super. 2010) (internal quotations and citations omitted), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

After a thorough review of the trial court's entire jury charge, we are satisfied that the jury received a comprehensive and accurate presentation of the law as it applied to this case. As even Appellant concedes, the trial court accurately defined the Commonwealth's burden in its charge to the jurors. Moreover, our review of the challenged portion of the court's instruction convinces us that the court offered its example as a means to focus the jurors on the solemn nature of their deliberations and the concept that reasonable doubt is something that causes one to hesitate or refrain from acting in a matter of important concern. *See Commonwealth v. Thomas*, 602 A.2d 820, 822-823 (Pa. 1992) (approving jury charge defining reasonable doubt as a doubt of such substance that it would prevent further action in a matter of importance in a juror's own affairs). Thus, we find no

misstatement of the law and trial counsel was not ineffective in deciding not to object to the charge.

Appellant's fourth and fifth claims allege ineffective assistance in trial counsel's failure to object to alleged violations of Appellant's rights to a public trial and to attend all aspects of the proceedings before the trial court. Because we dispose of these contentions on related grounds, we shall address them in a single discussion.

In his fourth claim, Appellant alleges that the PCRA court erred in summarily dismissing his claim that trial counsel[4] was ineffective in failing to object when the trial court ordered several members of the public to leave the courtroom during *voir dire* in order to accommodate prospective jurors. Appellant argues that the trial court impermissibly closed the courtroom for the initial portions of *voir dire* without offering compelling reasons for her decision and without considering less intrusive measures such as allowing members of the gallery to stand inside the courtroom or splitting the venire

---

[4] In his brief, Appellant also contends that direct appeal counsel was ineffective in failing to raise his public trial claim. Appellant's Brief at 51. This claim is waived as Appellant never included it within his Pa.R.A.P. 1925 concise statement. **See** Pa.R.A.P. 1925(b)(4)(vii) (issues not raised in concise statement are waived). Even if this claim were not waived, Appellant would not be entitled to relief. Here, trial counsel failed to raise a public trial objection before the court. Since appellate counsel cannot be deemed ineffective for failing to raise a claim that was not preserved before the trial court, Appellant's purported challenge to the performance of direct appeal counsel immediately fails. **See Commonwealth v. Fletcher**, 986 A.2d 759, 783 (Pa. 2009) (appellate counsel cannot be faulted for failing to raise claim that was not preserved a trial level).

panel into smaller groups. Appellant also argues that trial counsel lacked a strategic basis for failing to object. Finally, Appellant contends that prejudice should be presumed since his public trial claim represents a structural defect in the proceedings before the trial court.

Appellant's fifth claim asserts that the PCRA court summarily dismissed his claim that trial counsel was ineffective in failing to object when the trial court conducted certain proceedings during jury selection in a conference room outside of Appellant's presence. Here, Appellant declares that the trial court's actions violated his constitutional right to be present at all critical stages of his trial. Again, Appellant claims that trial counsel had no reasonable basis to forgo an objection and that prejudice should be presumed since this issue involved a structural defect in his trial. In the alternative, Appellant asserts that he has demonstrated actual prejudice since he has alleged and intends to prove that his absence precluded him from suggesting questions to his attorney.

As Pennsylvania law recognizes the rights espoused in Appellant's brief, we shall assume, without deciding, that Appellant's claims possess arguable merit and that trial counsel lacked strategic grounds in failing to object to the trial court's directives. *See Commonwealth v. Penn*, 562 A.2d 833 (Pa. Super. 1989) (criminal defendant has a right to public trial which may be overcome where proper balancing of interests has been conducted, less restrictive alternatives have been explored and rejected, and

where trial judge places reasons for closure on the record); Pa.R.Crim.P. 602(A) (providing that defendant "shall be present at every stage of the trial including the impaneling of the jury"). Notwithstanding these assumptions, Appellant must demonstrate how trial counsel's performance prejudiced efforts of the defense in order to succeed on his present claims. Because we reject Appellant's contention that prejudice should be presumed, and since we find that actual prejudice has not been shown for purposes of Appellant's right of presence claim, we conclude that Appellant has not met the third prong of the test for ineffective assistance. Accordingly, Appellant is not entitled to relief.

Appellant maintains on appeal that his public trial and right of presence claims involve structural defects that call for a presumption of prejudice. **See** Appellant's Brief at 50 and 56. He is correct that prior cases such as **Commonwealth v. Knight**, 364 A.2d 902 (Pa. 1976) have held, **on direct appeal**, that where an appellant was denied his right to a public trial, a new trial must be granted and that no showing of prejudice is required.[5] However, these cases neither address nor hold that a petitioner on collateral

---

[5] Like **Knight**, the decision of this Court in the direct appeal of **Commonwealth v. Johnson**, 455 A.2d 654, 658 (Pa. Super. 1982) declared that a new trial must be granted, without a showing of prejudice, if the defendant is denied his right to a public trial.

The parties have not cited, and we have not located, an analogous Pennsylvania holding in the context of a right of presence claim.

review is relieved of the burden to prove prejudice within the context of a claim asserting counsel's ineffectiveness. To the contrary, prior cases on collateral review that have considered the exclusion of the public from *voir dire* proceedings have held that the petitioner must demonstrate actual prejudice. **See Commonwealth v. Johnson**, 500 A.2d 173, 177-178 (Pa. Super. 1985) (petitioner alleging ineffective assistance arising from counsel's failure to seek public *voir dire* must demonstrate actual prejudice; new trial unwarranted where petitioner did not "suggest a likelihood that a jury selected in a different manner would have reached a different result"); **Commonwealth v. Brandt**, 509 A.2d 872, (Pa. Super. 1986) (counsel's failure to object to *voir dire* conducted in chambers rather than in open court did not constitute ineffective assistance of counsel where petitioner failed to show, among other things, that jury selected in another manner would have reached a different verdict), *appeal denied*, 521 A.2d 930 (Pa. 1987).

Indeed, to extract our holdings from the direct review context and apply them within the PCRA context would effectively deem counsel's actions in such situations *per se* ineffective. However, as the Supreme Court of Pennsylvania explained in **Commonwealth v. Reaves**, 923 A.2d 1119, 1128 (Pa. 2007), the situations within the PCRA context in which prejudice is presumed are rare, and are limited to when counsel's actions wholly deny a defendant the right to appellate review, such as the failure to timely file a requested appeal or Rule 1925 statement. In **Reaves**, the High Court held

that counsel's failure to move for reconsideration of sentence following a violation of probation proceedings did not waive any and all appellate issues – only those claims subject to issue preservation requirements which were not otherwise properly preserved. *Id.* at 1128-1129. The Supreme Court in *Reaves* expressly distinguished counsel's actions that result in the total deprivation of appellate rights, from counsel's actions that allow an appeal, albeit on a more limited scope. *Id.* at 1128. In the latter situations, the Supreme Court explained, prejudice is not presumed. *Id.* ("It is thus apparent that counsel's lapse did not deprive appellee of his right to appellate review; at most, his attorney's conduct at the trial level 'narrowed the ambit' of the appeal new counsel pursued. As such, it is clear that…appellee must satisfy the…actual prejudice standard.")

In this matter, as in *Reaves*, trial counsel's failures to object to closure of the courtroom and Appellant's exclusion during a brief period of jury selection at most limited the scope of Appellant's challenges on direct appeal, but did not wholly deny appellate review. Consequently, the fact that Appellant here has raised public trial and right of presence claims cannot obviate the need to demonstrate prejudice in the PCRA context. *See Commonwealth v. Williams*, 9 A.3d 613, 619 (Pa. 2010) (holding that while the defendant's unqualified right to be present at every stage of the trial was violated without an objection from trial counsel, counsel's failure to object did not result in a total failure to subject the case to the adversarial

process, and therefore was not an instance where a presumption of prejudice applied). Because Appellant has not pled and proved that the outcome of his trial would have been different if his trial counsel had lodged proper objections, Appellant's claims of ineffective assistance of counsel must fail.

We are not willing to equate the prejudice presumed on direct appeal with the prejudice necessary for an ineffective assistance of counsel claim. They are, in fact, quite different. Indeed, in **Williams**, the Supreme Court explained that:

> Although it purported to apply the [three-prong test for ineffective assistance], the Superior Court conducted a harmless error analysis, which was improper given the procedural posture of this case. **See Commonwealth v. Williams**, 959 A.2d 1272, 1283 (Pa. Super. 2008). The harmless error standard typically applies to claims of trial court error raised on direct appeal, and the burden of proof is on the Commonwealth, which must demonstrate beyond a reasonable doubt that the error did not affect the verdict. **See Commonwealth v. Howard**, 645 A.2d 1300, 1307 (Pa. 1994). In contrast, an ineffectiveness claim shifts the focus to counsel's stewardship, and under [the conventional test for ineffective assistance], the defendant has the burden of showing that counsel's performance "had an actual adverse effect on the outcome of the proceedings." **Howard**, 645 A.2d at 1307. Thus, it is more difficult to obtain relief on collateral review because [ineffectiveness claims] place[] a heavier burden on the defendant. **See Commonwealth v. Reaves**, 923 A.2d 1119, 1130 (Pa. 2007) (discussing the evidentiary standards applicable to preserved issues of trial court error and derivative claims of ineffective assistance of counsel).

**Williams**, 9 A.3d at 619, n.7 (parallel citations omitted).

Simply because on direct appeal Appellant would not have been required to establish prejudice, does not mean that he is entitled to the same presumption of prejudice on collateral review. Because counsel's alleged ineffectiveness did not result in a total abandonment of counsel or a failure of the adversarial proceedings, we do not believe that a presumption of prejudice applies. Consequently, Appellant was obligated to establish that his counsel's purported failures resulted in prejudice to his proceedings. Having failed to establish prejudice, we hold that the trial court properly denied Appellant's PCRA petition as a matter of law.

We also reject Appellant's alternate contention that he demonstrated actual prejudice for purposes of his right of presence claim. Here, Appellant maintains that his exclusion from *voir dire* precluded him from suggesting questions and/or objections to counsel. **See** Appellant's Brief at 56. However, in preparing his petition, Appellant had every opportunity to compare his knowledge with trial counsel's notes and recollection from the proceedings and come forward with fact-based claims that demonstrated how his brief exclusion hampered the defense. Despite this chance, Appellant fails to cite a single question or suggestion he would have made to trial counsel, much less explain how his insights offered a reasonable probability of a different trial result. Appellant's bald allegations of prejudice entitle him to no relief.

Appellant's final claim asserts that the PCRA court erred in dismissing his petition without addressing his discovery motions. Through these motions, Appellant sought documents and information regarding the Commonwealth's use of preemptory challenges and undisclosed benefits to Commonwealth witnesses. After careful review, we discern no error or abuse of discretion on the part of the PCRA court since Appellant failed to show exceptional circumstances that support his discovery requests. Pa.R.Crim.P. 902(E)(1) ("no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances"); **Reid**, 99 A.3d at 445 (allegation that petitioner only "believes and alleges" that Commonwealth witness received considerations is insufficient to permit discovery).

Order affirmed. Appellant's Application for Court to Accept Appellant's Principal Brief in 12-point font granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/25/2015