499 A.2d 1104

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Ronald Lee SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted May 13, 1985.

Filed Nov. 1, 1985.

Richard S. Levine, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, President Judge, and ROWLEY and WIEAND, JJ.

WIEAND, Judge:

The present appeal has been filed from an order dismissing a P.C.H.A. petition after hearing. Ronald Lee Smith argues that trial counsel was constitutionally ineffective for failing to request a public voir dire examination of prospective jurors. We find no merit in this argument and affirm the order denying post-conviction relief.

Appellant was tried by jury on September 17 and 18, 1980, and was found guilty of murder in the second degree. The Superior Court, on direct appeal, affirmed the judgment of sentence per curiam; and the Supreme Court denied allocatur. Appellant then filed a P.C.H.A. petition alleging that trial counsel, who had been privately retained, was ineffective for failing to request public voir dire examination of prospective jurors. He relied upon the 1984 decision of the United States Supreme Court in *Press-Enterprise Co. v. Superior Court of California,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984), and a 1982 decision of the

486

Superior Court of Pennsylvania in *Commonwealth v. Johnson,* 309 Pa.Super. 367, 455 A.2d 654 (1982). These decisions held that a defendant's right to public trial under both the United States Constitution and the Pennsylvania Constitution included the right to have the jury selected in public.

■ The circumstances under which a jury was selected to try appellant were not challenged or in any way made an issue during his trial, in post-verdict motions filed thereafter, or on direct appeal from the judgment of sentence. The issue, therefore, has been waived. Even if *Johnson* is to be given retroactive effect, it can be applied only "to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." *Commonwealth v. Cabeza,* 503 Pa. 228, 233, 469 A.2d 146, 148 (1983).

In apparent recognition that the issue has not been preserved, appellant argues in this collateral attack on his conviction that trial counsel was ineffective for failing to raise the issue in the trial court and for failing to preserve it at all stages of adjudication up to and including the direct appeal. However, we will not "impose upon trial counsel the qualities of a seer ... and counsel will not be deemed ineffective for failing to predict future developments in the law." *Commonwealth v. Triplett,* 476 Pa. 83, 89–90, 381 A.2d 877, 881 (1977). On the contrary, we examine counsel's stewardship under standards as they existed at the time of his actions. *Id.,* 476 Pa. at 89, 381 A.2d at 881.

■ When this case was tried it was not unusual in this Commonwealth to conduct voir dire in an area apart from the courtroom and then bring the selected jury into the courtroom for trial. See, e.g., *Commonwealth v. Knight,* 469 Pa. 57, 69–70 n. 11, 364 A.2d 902, 908 n. 11 (1976). This was true even though the right to public trial (and hence public voir dire) had been a longstanding recognized part of Anglo-American jurisprudence. See: *Press-Enterprise, supra.* Public trials ensured that fairness would be accorded the defendant and public concerns vindicated. *Id.* The

practice of conducting voir dire in a private area in advance of taking testimony in the courtroom was not intended to and did not undermine the safeguards of public trials. The purpose of the procedure was to enhance the efficient movement of cases. If a defendant requested voir dire and jury selection in the courtroom, of course, he was entitled thereto. Because in most cases there was no practical advantage to be gained by insisting upon holding voir dire in the courtroom, however, such requests were seldom made. We conclude, therefore, that counsel, in 1980, was not required to request, at the risk of being deemed ineffective, the public selection of a jury as later articulated by decisions in *Press-Enterprise* and *Johnson.*

Moreover and in any event, appellant failed to show in this case that public voir dire would have offered a potential for success greater than the selection process actually utilized or that he was prejudiced in any way because his trial counsel failed to request an alternate procedure. "A finding that appellant is entitled to a new trial cannot be made unless it can be concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized, resulting in prejudice...." *Commonwealth v. Garvin,* 335 Pa.Super. 560, 566, 485 A.2d 36, 39 (1984). Thus, even if we were to find arguable merit in appellant's claim that counsel in 1980 should have requested public voir dire, appellant would not be entitled to a new trial because he failed to show that the course followed by counsel affected the fairness of his trial or otherwise caused prejudice. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Litzenberger,* 333 Pa.Super. 471, 482 A.2d 968 (1984). He failed to show that he had requested counsel to seek public voir dire, that the voir dire actually conducted had been suggestive or otherwise improper, that the jury selection process had been tainted or, indeed, that anyone seeking admittance during jury selection had been denied admission. Finally, appellant has not even dared to suggest any likelihood that a jury selected in a different

manner would have reached a different result. Because there is no reason to find that an alternate course would have offered "a potential for success substantially greater" than the result achieved by nonpublic voir dire, appellant's present contention must be rejected. His trial counsel was not constitutionally ineffective.

Order affirmed.

SPAETH, President Judge, concurs in the result.