509 A.2d 872

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Richard BRANDT, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1986.

Filed May 7, 1986.

Reargument Denied June 16, 1986.

Paul R. Gettleman, Zelienople, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before OLSZEWSKI, HOFFMAN and ROBERTS, JJ.

OLSZEWSKI, Judge:

Appellant challenges the decision of the PCHA court denying his petition in which he alleged ineffective assistance of counsel. The basis for the claim concerned trial counsel's failure to object to voir dire in chambers rather than in open court and trial counsel's error in not preserving this claim for appeal by raising it in post-verdict motions.

Our decision today affirming the PCHA ruling in no way undermines the importance of an open trial, including a jury voir dire in open court as enunciated in *Commonwealth v. Johnson*, 309 Pa.Super. 367, 455 A.2d 654 (1982). The right to a public voir dire, however, is not the issue. Rather, we are called upon decide only if counsel's actions taken in connection with the in-chambers questioning of potential jurors satisfies the applicable laws.

The procedural timetable involved is of great importance. After being arrested on May 11, 1981, appellant filed pretrial motions. Trial began on January 7, 1982 but ended in a mistrial on January 18, 1982 when the presiding judge was hospitalized. June 29, 1982 saw the beginning of appellant's second trial. At this time, thirty-five potential jurors were seated in the courtroom, leaving a small amount of open space. The jurors were interviewed individually in the judge's chambers, as was the practice at this time. *See, Commonwealth v. Knight,* 469 Pa. 57, n. 11, 364 A.2d 902, n. 11 (1976). No objection by trial counsel was made. This jury found appellant guilty on July 9, 1982. Post-verdict motions, filed July 16, 1982 with specific reasons filed December 2, 1982, were denied February 3, 1983. Appellant was sentenced several days later and timely filed a notice of appeal. This court affirmed sentence without an opinion. A Post-Conviction Hearing Act petition was filed December 12, 1984 and denied November 1, 1985. The issue of open voir dire was first raised in the PCHA petition.

On December 12, 1982, after appellant's trial but during the pendency of his appeal, the Pennsylvania Superior Court handed down the decision in *Commonwealth v. Johnson,* 309 Pa.Super. 367, 455 A.2d 654 (1982), which held that the selection of jury is part of trial for purposes of a criminal defendant's constitutional right to public trial; therefore, a defendant's right to a public trial includes the right to have the jury that is to try him selected in public. The case was remanded for new trial. On the same day that appellant's PCHA petition was denied, the Superior Court decided two cases, *Commonwealth v. Johnson,* 347 Pa.Super. 93, 500 A.2d 173 (1985); and *Commonwealth v. Smith,* 346 Pa.Super. 484, 499 A.2d 1104 (1985), holding that the right to open voir dire would not have retroactive effect. It is within this time frame that we assess appellant's claim concerning counsel's actions.

Pennsylvania law regarding ineffective assistance of counsel is well documented. *Commonwealth ex rel. Wash-*

*ington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), enunciated the process to be used as a two-pronged analysis consisting first of a determination of whether the issue underlying the ineffectiveness claim is of arguable merit, and second whether the course chosen by counsel had some reasonable basis aimed at promoting the appellant's interests. *Commonwealth v. Pierce,* 345 Pa.Super. 324, 498 A.2d 423 (1985); *Commonwealth v. Cooper,* 333 Pa.Super. 559, 482 A.2d 1014 (1984). Recently, an *en banc* Superior Court added another consideration. In addition to the above requirements, an appellant must establish that the ineffectiveness so prejudiced his case that he did not receive a fair trial. *Commonwealth v. Pierce, supra.* At all times through the process, the law presumes effective counsel and the burden of proving ineffectiveness of counsel rests with the appellant. *Commonwealth v. Floyd,* 506 Pa. 85, 484 A.2d 365 (1984).

■ Appellant's first issue in which he argues that trial counsel was ineffective for not protecting appellant's right to a public voir dire was raised and decided in *Commonwealth v. Smith, supra.* Following the opinion in *Smith,* we note that the accepted and usual method of selecting a jury at the time was the manner adhered to in this case.[1] In addition, appellant failed to show in this case that public voir dire would have offered a potential for success greater than the selection process actually utilized or that he was prejudiced in any way because his trial counsel failed to request an alternate procedure. "A finding that appellant is entitled to a new trial cannot be made unless it can be concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized, resulting in prejudice...." *Commonwealth v. Garvin,* 335 Pa.Super. 560, 566, 485 A.2d 36, 39 (1984).[2]

1. We take notice of the lower court's decision in which it is pointed out that appellant's counsel himself has engaged in the exact same course of action he now claims results in ineffective assistance of counsel. PCHA opinion, November 1, 1985, pg. 2–3.

2. The court is aware that an argument could be made based on *Commonwealth v. Johnson,* 309 Pa.Super. 367, 455 A.2d 654 (1982)

No prejudice or unfairness was alleged or shown. No one was denied admission and, more importantly, it was not even suggested that a jury selected in another manner would have resulted in a different verdict. This does not satisfy the requirement that the alternative not chosen offered a greater chance of success. More importantly, the trial court noted that:

> In the chambers were the defendant, his attorney, the prosecutor, the court stenographer, the minute clerk, the Judge and anyone else who wished to enter, although space was as limited as it was in the courtroom. No order was made prohibiting the public to enter the courtroom or the chambers.

Tr.Ct.Op. at 2. Therefore, counsel's conduct could not possibly be termed ineffective.

■ Appellant next argues that trial counsel was ineffective for not preserving the issue for appeal. As previously noted, the manner in which appellant's jury was selected was not only not objected to at trial, but not raised in post-verdict motions nor on direct appeal. Once again looking to *Smith* for guidance, we deem the issue waived. Even if *Commonwealth v. Johnson,* 309 Pa.Super. 367, 455 A.2d 654 (1982), were to be given retroactive effect, it can be applied only to those cases where the issue in question is properly preserved at all stages of adjudication, including direct appeal. *See Commonwealth v. Hernandez,* 498 Pa. 405, 446 A.2d 1268 (1982); *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983); *Commonwealth v. Smith, supra.*[3] We will not find trial counsel ineffective for failing

---

that prejudice need not be shown in this specific instance. We choose to follow the general rules of ineffective assistance and those cases which find prejudice a necessary element. *See Commonwealth v. Smith, supra.; Commonwealth v. Johnson,* 347 Pa.Super. 93, 500 A.2d 173 (1985).

**3.** Once again the court is conscious of appellant's argument, citing *Commonwealth v. Carr,* 320 Pa.Super. 1, 466 A.2d 1030 (1983), that counsel can be held ineffective for not raising an issue in post-verdict motions when a leading case was decided between the time of trial and post-verdict motions. We prefer to follow the cases cited in our decision finding them better suited to our application.

to act in this manner since he cannot be expected to possess the "qualities of a seer." *Commonwealth v. Triplett,* 476 Pa. 83, 381 A.2d 877 (1977).

Order Affirmed.