J-S48003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH HALL | |
| Appellant | No. 437 WDA 2014 |

Appeal from the PCRA Order March 6, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001967-2007

BEFORE:  PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 20, 2015**

Appellant, Joseph Hall, appeals from the order entered March 6, 2014, in the Court of Common Pleas of Allegheny County, which dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Hall is serving a sentence of 17½ to 35 years' incarceration imposed after a jury convicted him of third-degree murder and a violation of the Uniform Firearms Act. A panel of this Court previously set forth the facts of the case in its memorandum affirming the judgment of sentence. There is no need to set forth the facts again here. *See Commonwealth v. Hall*, 545 WDA 2009, at 1-3 (Pa. Super., filed July 27, 2011) (unpublished memorandum), *appeal denied*, 42 A.3d 291 (Pa. 2012) (Table).

Hall filed, through counsel, Paul R. Gettleman, Esquire, a timely PCRA petition. The PCRA court held two evidentiary hearings and then subsequently entered an order denying the petition. This timely appeal followed.

Our standard of review of a PCRA court's denial of a petition for post-conviction relief is well settled. We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **See Commonwealth v. Hall**, 867 A.2d 619, 628 (Pa. Super. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **See Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). Our scope of review is limited by the parameters of the PCRA. **See Commonwealth v. Heilman**, 867 A.2d 542, 544 (Pa. Super. 2005).

All seven[1] of Hall's issues raised on appeal concern the alleged ineffective assistance of trial counsel. To determine whether the PCRA court

_____

[1] We remind Hall that "[w]hile criminal defendants often believe that the best way to pursue their appeals is by raising the greatest number of issues, actually, the opposite is true: selecting the few most important issues succinctly stated presents the greatest likelihood of success." **Commonwealth v. Robinson**, 864 A.2d 460, 480 n.28 (Pa. 2004) (citation omitted). This is because "[l]egal contentions, like the currency, depreciate through over issue." **Id**. (quoting Robert H. Jackson, "Advocacy Before the United States Supreme Court," 25 Temple L.Q. 115, 119 (1951)). **See also**, Ruggero J. Aldisert, J. "Winning on Appeal: Better Briefs and Oral Argument," 129 (2d ed. 2003) ("When I read an appellant's brief that
*(Footnote Continued Next Page)*

- 2 -

erred in dismissing Hall's petition on the claims of ineffectiveness of counsel, we turn to the following principles of law:

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citations omitted).

Moreover, "[w]e presume counsel is effective and place upon Appellant the burden of proving otherwise." *Commonwealth v. Springer*, 961 A.2d 1262, 1267-1268 (Pa. Super. 2008) (citation omitted). We may deny an ineffectiveness claim if "the evidence fails to meet a single one of these prongs." *Id*., at 321 (citation omitted).

Hall first argues that trial counsel rendered ineffective assistance of counsel by denying him his Sixth Amendment right to a public trial. Hall testified at the evidentiary hearing that he asked trial counsel if his mother and grandparents could attend jury selection. *See* N.T., PCRA Hearing,

*(Footnote Continued)* _____

contains more than six points, a presumption arises that there is no merit to *any* of them.").

6/24/13, at 31. Hall explained that trial counsel informed him that they could not. *See id*., at 31-32. Hall's mother testified that trial counsel informed her that she was not permitted to attend jury selection. *See id*., at 21. PCRA counsel asked trial counsel about Hall's mother's testimony and while he did not have a "specific recollection" of what he told her, he had "no doubt … I would have said you can't." N.T., PCRA Hearing, 7/14/13, at 22. Hall's PCRA counsel then asked trial counsel, "[y]ou're not permitted?" and trial counsel answered, "[y]eah." *Id*. There is no dispute that the trial court did not act in any way to close the courtroom to the public during jury selection.

A defendant has a Sixth Amendment right to a trial that is open to members of the public. *See Waller v. Georgia*, 467 U.S. 39, 46 (1984). The public trial guarantee is a right created for the benefit of the defendant. *See id*. A public trial discourages perjury and ensures that "the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions...." *Id*. (citations omitted). "Confidence in our system of jurisprudence is enhanced by such openness." *Commonwealth v. Berrigan*, 501 A.2d 226, 232 (Pa. 1985).

The violation of the right to a public trial constitutes a structural defect, a specific type of constitutional error. *See Commonwealth v.*

***Sandusky***, 77 A.3d 663, 671 (Pa. Super. 2013). "Structural defects defy analysis by harmless-error standards because they affect the framework within which the trial proceeds, and are not simply an error in the trial process itself." ***Id***. (citation and internal quotation marks omitted). ***See also Neder v. United States***, 527 U.S. 1, 8 (1999). Structural defects "will always invalidate the conviction." ***Sullivan v. Louisiana***, 508 U.S. 275, 279 (1993) (citations omitted).

Here, Hall maintains that he need not establish prejudice as trial counsel's actions resulted in a structural defect. Unquestionably, trial counsel was completely mistaken in his belief that family members of the defendant were not permitted in the courtroom during jury selection. However, in Pennsylvania, petitioners alleging ineffective assistance of counsel in connection with the right to a public trial must establish prejudice. ***See Commonwealth v. Rega***, 70 A.3d 777, 787 (Pa. 2013) ("Since Appellant did not object to the after-hours courtroom arrangements, the only cognizable aspect of his claim is that of deficient stewardship, as to which he must establish prejudice."); ***Commonwealth v. Brandt***, 509 A.2d 872, 874 n.2 (Pa. Super. 1986) ("We choose to follow the general rules of ineffective assistance and those cases which find prejudice a necessary element.").[2]

_____

[2] ***But see Owens v. United States***, 483 F.3d 48, 64 (1st Cir. 2007) ("[A] defendant who is seeking to excuse a procedurally defaulted claim of structural error need not establish actual prejudice."); ***McGurk v.***
*(Footnote Continued Next Page)*

Hall fails to establish prejudice. In his brief, he relies solely on his argument that the structural defect itself mandates a new trial. He *presumes* prejudice. **See** Appellant's Brief, at 6-10. He in no way explains how the absence of his mother and grandparents adversely affected the jury selection. Therefore, this claim fails.

In his next issue, Hall argues that trial counsel was ineffective for failing to object to the trial court's alibi instruction. In his brief, Hall fails to provide a citation to a page in the notes of testimony where we can find the allegedly defective instruction. "If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument *must* set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears[.]" Pa.R.A.P. 2119(c) (emphasis added). This Court has consistently held that failure to comply with Rule 2119(c) results in the waiver of the issue on appeal. **See**, **e.g.**, **Commonwealth v. Hetzel**, 822 A.2d 747, 765 (Pa. Super. 2003). Accordingly, we find this claim waived.

_____
*(Footnote Continued)* ─────────────────

**Stenberg**, 163 F.3d 470, 475 (8th Cir. 1998) ("[W]e hold that when counsel's deficient performance causes a structural error, we will presume prejudice under **Strickland**.").

We note that Hall claims that "[t]he instruction in this case shifts the burden to the appellant to prove that he is not guilty when in fact that burden remains with the Commonwealth at ll [sic] times." Appellant's Brief, at 11. If we were to address this claim on the merits, we would find that the alibi instruction, **see** N.T., Trial, 11/6-17/08, at 843, does no such thing. **See Commonwealth v. Saunders**, 602 A.2d 816, 818 (Pa. 1992) ("An instruction is proper if it expressly informs the jury that the alibi evidence, either by itself or together with other evidence, could raise a reasonable doubt as to the defendant's guilt and clearly directs the jury to consider this evidence in determining *whether the Commonwealth met its burden* of proving beyond a reasonable doubt that the crime was committed by the defendant.") (emphasis in original).

Hall next argues that trial counsel provided ineffective assistance by failing to present character witnesses. At trial, the trial court engaged in a thorough colloquy with Hall whereby he waived his rights to present character witnesses. **See** N.T., Trial, 11/14/08, at 714-716. During this colloquy he was asked *two* times if this was a "free and voluntary" decision on *his* part not to present character witnesses and *he* answered that it indeed was *his* decision. **See id**., at 716.

Curiously, at the PCRA evidentiary hearing, Hall explained that he did not understand at the time of trial when he was asked if *his* decision was "free and voluntary" that they were asking for *his* decision, not counsel's.

For instance, he claimed, "I didn't know what the [c]ourt's question was, was the waiver mine voluntarily." PCRA Hearing, 7/24/13, at 35. And, "I didn't know what that meant at the time, ma'am." *Id*., at 38.

Not surprisingly, the PCRA court found Hall's testimony at the evidentiary hearing unconvincing, "not viewed as credible" in the PCRA court's words. PCRA Court Opinion, 3/5/15, at 5 (unnumbered). Based on the PCRA's court's credibility determination, the methodical colloquy conducted at trial and Hall's answers thereto, this claim fails.

In the next issue, Hall contends that trial counsel was ineffective for failing to move to sever his case from his co-defendant, Lamont Hall. Hall maintains that trial counsel should have moved for severance so that he could have called Lamont as a witness. Hall alleges that Lamont would have testified that Hall was not involved in the shooting.

As the PCRA court notes, Lamont did not testify at the evidentiary hearings and "no evidence exists to establish that Lamont Hall was prepared to testify on Hall's behalf at trial." PCRA Court Opinion, 3/5/15, at 5 (unnumbered). We agree with the PCRA court that whether Lamont would have testified is "mere speculation." *Id*.

To succeed on this claim, Hall had to *prove*, among other things, that the witness was available to testify, was willing to testify, and that the absence of the testimony was so prejudicial to the defendant to deny him a

fair trial. **See Commonwealth v. Puksar**, 951 A.2d 267, 277 (2008). Hall proved none of this. He offers instead "mere speculation."[3]

In his next issue, Hall alleges that trial counsel was ineffective for "not investigating" the incident Officer Ronald Shaullis testified about at trial. Appellant's Brief, at 23. But trial counsel testified that he conducted an investigation. **See** PCRA Hearing, 7/14/13, at 12-13, 20-21. Unfortunately for Hall, trial counsel explained, "I just remember being disappointed and saying that's not going to pan out." **Id**., at 13. Interestingly, on appeal, Hall himself does not come forward with any favorable information whatsoever that trial counsel missed by conducting an allegedly shoddy investigation. This claim has no merit, let alone has Hall established any prejudice.

Hall next maintains that trial counsel was ineffective for interfering with his right to testify on his own behalf. Hall discusses testimony from the evidentiary hearings, but fails to provide any citation to the notes of testimony. We refuse to comb through the record to look for the testimony

_____

[3] In his brief, Hall also claims that trial counsel was ineffective for failing to move for severance to be able then to offer into evidence a letter sent by Lamont. This particular claim is not alleged as a basis for finding ineffective assistance of counsel in Hall's petition. The petition alleges just that he wanted to call Lamont as a witness. **See** PCRA Petition, 11/19/12, at ¶ 7. Accordingly, we will not consider this claim. **See** Pa.R.Crim.P. 902(B) ("Failure to state … a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief.").

he summarizes in his brief. This claim is waived. *See* Pa.R.A.P. 2119(c); *Hetzel*, 822 A.2d at 765.

In any event, at trial, the trial court conducted *two* colloquies with Hall concerning his decision to testify on his own behalf. *See* N.T., Trial, 11/13/08, at 536-540; 11/14/08, at 713-716. During the first colloquy, trial counsel also spoke. He noted that the decision as to whether Hall testifies at trial is Hall's alone. *See* N.T., Trial, 11/13/08, at 540. At the end of the first colloquy, Hall indicated he needed more time to think about his decision. *See id*.

The next day the trial court conducted a second colloquy. The trial court explained to Hall that the decision to testify on his own behalf is *his* alone and that counsel may not make the decision for him. *See* N.T., Trial, 11/14/08, at 713. Hall answered, "[y]es" he understood. *Id*. The trial court asked if his decision not to testify was "free and voluntary" on *his* part. *Id*. Hall answered, "[y]es." *Id*. The trial court then asked if "anybody forced, threatened or coerced" him into making that decision. *Id*. Hall answered, "[n]o." *Id*. We are in complete agreement with the PCRA court that no one interfered with Hall's right to testify on his own behalf.

Lastly, Hall argues that trial counsel was ineffective for failing to renew an objection to the trial court's refusal to give jury instructions on voluntary manslaughter and justification. The PCRA court aptly explained why this claim has no merit.

It is clear … that the defense theory was that Hall was not in the car at the time of the shooting. The defense sought to pursue an alibi defense rather one of self-defense. It should be noted that counsel initially sought a charge on voluntary manslaughter and justification. The record reflects that the [c]ourt denied those requests. The reason these requests were denied was based on the defense theory that Hall was not in the car and was pursuing an alibi defense. Providing the jury with a justification defense when Hall claimed he was not even there could readily lead to jury confusion. Under the circumstances, such a charge would not have been granted, and the [c]ourt specifically advised trial counsel of that fact. Hall was not entitled to a self-defense instruction when he claimed not to have been present. The [c]ourt properly refused such an instruction and counsel cannot be deemed to have been ineffective in failing to again request such a charge at the end of the [c]ourt's instructions.

PCRA Court Opinion, 3/5/15, at 7-8 (unnumbered) (citations omitted). We agree with the PCRA court's reasoning as to why this issue has no merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2015