**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEENAN COLEMAN | : | |
| | : | |
| Appellant | : | No. 2326 EDA 2022 |

Appeal from the PCRA Order Entered August 26, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0002793-2011.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEENAN COLEMAN | : | |
| | : | |
| Appellant | : | No. 2328 EDA 2022 |

Appeal from the PCRA Order Entered August 26, 2022,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002794-2011.

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :                  PENNSYLVANIA
                                            :
              v.                         :
                                            :
                                            :
KEENAN COLEMAN                      :
                                            :
               Appellant                :     No. 2329 EDA 2022

Appeal from the PCRA Order Entered August 26, 2022,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-0002820-2011.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:           **FILED OCTOBER 10, 2023**

Keenan Coleman appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. This appeal follows this Court's previous remand for the PCRA court to hold an evidentiary hearing to address certain claims of ineffectiveness identified by our Supreme Court in **Commonwealth v. Coleman**, 230 A.2d 1042 (Pa. 2020). We affirm.

In **Coleman**, our Supreme Court summarized the pertinent facts and procedural history as follows:

> . . . In the early morning hours of April 12, 2010, Tobias Berry ("Victim") was shot and killed on the streets of West Philadelphia. During the investigation of Victim's murder, police, including Detective John Keen, took statements from Wakeeyah Powell and Hanif Hall, both of whom identified [Coleman] as the person that shot Victim. [Coleman] eventually was arrested and charged with first-degree murder and related offenses.
>
> At [Coleman's] trial, the Commonwealth called several witnesses, including Powell and Hall, but they recanted their

- 2 -

previous statements identifying [Coleman] as the shooter. More specifically, Powell claimed that police coerced her into giving her initial statement by contending that the officers said they had statements from other persons but lost their "original witness." Powell also denied witnessing the shooting, stating instead that she heard about it from a friend. Because Powell's trial testimony was inconsistent with her statement to police, the Commonwealth utilized her previous statement to examine her. That statement included a reference to [Coleman] as a drug dealer.

During Hall's trial testimony, he indicated that he felt induced by the police to give a statement implicating [Coleman], as detectives informed him that they knew that [Coleman] and his codefendant committed the killing. In addition, he denied having any direct knowledge of the shooting, asserting that he only learned about it from "word on the street." The prosecutor examined Hall by utilizing his previous statement to police, wherein Hall asserted that [Coleman] "liked to shoot people" and that [Coleman] carried "all kinds" of guns. Of further note, Detective Keen later read to the jury Hall's previous statement to police. That statement, *inter alia*, referenced a person named Tanisha, who allegedly told Hall that [Coleman] shot Victim.

\*\*\*

The jury ultimately found [Coleman] guilty of the charged offenses. For [his] first-degree murder conviction, the trial court sentenced [Coleman] to life in prison without the possibility of parole. Following an unsuccessful direct appeal of his judgment of sentence, [Coleman] filed [a counseled] PCRA petition[.]

**Coleman**, 230 A.3d at 1044-45 (footnotes and citation to record omitted).

In his PCRA petition, Coleman asserted that trial counsel was ineffective in five specific instances, when counsel failed:  1) to object to the trial court's exclusion of the public during *voir dire*; 2) to offer a defense to the witness intimidation charge; 3) to object to extensive inadmissible hearsay at trial; 4) to object to admissible bad acts/character evidence; and 5) to object to errors in the prosecutor's closing argument.  PCRA Petition, 9/30/15, 2-4.

- 3 -

Thereafter, the Commonwealth filed a motion to dismiss Coleman's petition, and Coleman filed a reply. On September 29, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Coleman's petition without a hearing. Coleman did not file a response. By order entered December 1, 2017, the PCRA Court dismissed Coleman's petition.

Coleman appealed to this Court, and we affirmed the denial of post-conviction relief on March 11, 2019. *Commonwealth v. Coleman*, 215 A.3d 631 (Pa. Super. 2019)(non-precedential decision). Thereafter, our Supreme Court granted Coleman's petition for allowance of appeal.

On May 19, 2020, the high court affirmed this Court's judgment in part, vacated in part, and remanded to this Court for further consideration of Coleman's claims regarding the ineffectiveness of counsel. Specifically, as to the admission of hearsay testimony, our Supreme Court reasoned:

> [I]n his PCRA petition, [Coleman] averred that trial counsel was ineffective for failing to object to several statements made by Powell and Hall on the ground that the statements constituted inadmissible hearsay. The lower courts concluded that these claims lack arguable merit because the complained-of testimony was not hearsay, as it was not admitted for the truth of the matters asserted. Instead, the courts concluded, these statements were admitted to explain why Powell and Hall were recanting their previous statements to police and to allow the jury to better assess their credibility. [Coleman] contends that this conclusion is erroneous because the trial court did not instruct the jury to consider the testimony of Powell and Hall for the limited purposes of understanding the witnesses' reasons for recanting their previous statements and assessing their credibility.

> \*\*\*

- 4 -

We have no hesitation in agreeing with [Coleman's] assignment of error regarding the manner in which the lower courts addressed the alleged hearsay testimony of Powell and Hall. Indeed, it is well-settled that evidence which is admitted for a limited purpose must be accompanied by a limiting instruction to focus the jury's consideration of the evidence to its appropriate purpose. Here, the trial court did not instruct the jury to consider the alleged hearsay testimony of Powell and Hall for the limited purposes articulated by the lower courts. Thus, contrary to the conclusions of those courts, the jury's consideration of the testimony of Powell and Hall was unrestricted.

*Coleman*, 230 A.3d at 1047-48 (citations omitted).

Given this analysis the high court reached the following conclusion and

disposition:

For these reasons, we find that the Superior Court erred in the manner in which it disposed of the arguable merit prong of [Coleman's] claims that his trial counsel was ineffective for failing to object to the following alleged hearsay testimony presented at his trial: (1) Powell's account that police told her that they had statements from other persons but lost their original witness; (2) Powell's testimony that a friend told her that [Coleman] and his codefendant committed the murder in question; (3) Hall's declaration that detectives informed him that they knew "them two did it;" and (4) Hall's testimony that he knew [Coleman] and his codefendant and that the rumor on the street was that they committed the murder at issue in this case. Accordingly, we vacate in part the Superior Court's judgment and remand to that court to reconsider, in a manner consistent with this Opinion, [Coleman's] contention that the PCRA court erroneously rejected these claims of ineffective assistance of counsel.

*Coleman*, 230 A.3d at 1048-49.

Our Supreme Court agreed with Coleman that this Court did not directly

address one of his ineffectiveness claims, and further vacated our judgment:

[Coleman] presented the PCRA court with, *inter alia*, a claim that his trial counsel was ineffective for failing to object to Powell's

statement that [he] was involved in dealing drugs and a claim that counsel was ineffective for failing to object to Hall's statements regarding [Coleman] carrying guns and his desire to use them. The PCRA court rejected both claims. In his Superior Court brief, [Coleman] challenged the PCRA court's ruling as to both of these claims, albeit in a singular sub-issue.

Understandably, in its memorandum, the Superior Court mentioned these two claims in tandem. Further, the court definitively rejected [Coleman's] claim that counsel rendered ineffective assistance by failing to object to Powell's drug-dealing statement. However, the court did not directly resolve [Coleman's] contention that the PCRA court improperly rejected his claim that trial counsel was ineffective for failing to object to Hall's statement that [Coleman] carries guns and likes to shoot people. Consequently, we respectfully further vacate the Superior Court's judgment, and on remand, we instruct the Superior Court to address [Coleman's] claim of PCRA court error in the first instance.

*Coleman*, 230 A.3d at 1049 (citations omitted).

Upon returning to this Court, we noted that the PCRA court had not held an evidentiary hearing regarding these claims, and the fact that it did not, prevented us from reaching the merits of Coleman's claims. Therefore, we vacated the denial of Coleman's PCRA petition and "remanded the matter for an evidentiary hearing on the remaining claims." *Commonwealth v. Coleman*, 242 A.3d 401 (Pa. Super. 2020), non-precedential decision at 3-4.

The PCRA court first listed the matter on March 12, 2021. However, the matter was continued to May 7, 2021, due to the ongoing issues related to the Covid-19 pandemic. On May 7, 2021, counsel indicated that they were working to prepare a joint stipulation in lieu of an evidentiary hearing regarding the testimony of trial counsel. After four continuances, on January 12, 2022, the parties submitted a proposed stipulation to the PCRA court for

review. Two months later, both sides presented arguments and on May 19, 2022, following a review of the record, the PCRA court sent Coleman notice pursuant to Pa.R.Crim.P. 907(1). The court did not receive any response to the 907 Notice. Ultimately, on August 26, 2022, the PCRA court formally dismissed [Coleman's] PCRA petition.

Coleman filed timely notices of appeal. By order entered October 17, 2022, we consolidated them. Both Coleman and the PCRA court have complied with Pa.R.A.P. 1925.

Coleman raises the following two issues on appeal:

1. Did the PCRA court err in dismissing [Coleman's] PCRA Petition because trial counsel was ineffective for failing to object to inadmissible hearsay and highly prejudicial alleged statements of [Powell] and [Hall] that stated that, *inter alia*, [Coleman] "carried guns and liked to shoot people . . ." and the ineffectiveness/prejudice/admissibility component was never fully explored at a purported evidentiary hearing when no witnesses were called thereby rendering the Supreme Court's reasons for remand unexplored and allowing the trial/PCRA court to effectively infringe upon the province of the jury to too [sic] a large degree by essentially adopting a guilty anyway theory of the case?

2. Did the PCRA court err in dismissing [Coleman's] PCRA Petition because trial counsel was ineffective for not objecting to the jury [sic] being excluded from access to the courtroom during jury *voir dire*, a vital juncture of [Coleman's] trial, and PCRA counsel was ineffective and [Coleman] suffered prejudice and structural error as a result of trial counsel and PCRA counsel's ineffectiveness and layered ineffectiveness respectively?

Coleman's Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court

- 7 -

is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

In his first issue, Coleman raises a claim of trial counsel's ineffectiveness,[1] and in his second claim he raises a layered claim of ineffectiveness. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

_____

[1] In his supporting argument for his first issue, Coleman also challenges the effectiveness of PCRA counsel. As this distinct claim was not raised in his statement of the issue, we will not consider it further. *See generally*, Pa.R.A.P. 2116. Nevertheless, because we affirm the PCRA court's rejection of Coleman's claim of trial counsel's ineffectiveness, any layered claim of ineffectiveness would likewise fail. *See infra*.

In making a layered claim of ineffectiveness, a PCRA petitioner "must properly argue each prong of the three-prong ineffectiveness test for each separate attorney." *Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010). "If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Id.*

In support of his first issue, Coleman contends that the PCRA court erred in concluding that his claim regarding trial counsel's failure to object to inadmissible hearsay evidence did not warrant relief.

The PCRA court considered each instance of alleged hearsay that our Supreme Court identified in its 2020 opinion, cited in detail a portion of Powell's testimony, and concluded that a proper assessment of trial counsel's effectiveness in failing to object to alleged hearsay statements presented by both Powell and Hall required a consideration of all of the evidence introduced by the Commonwealth. The court then concluded that trial counsel had a reasonable basis for not objecting to any of the statements because they were made during the witnesses' recantation:

> To simply refer to [Powell] as a witness who had "gone south" or qualify her as "hostile" does not even begin to describe the presentation that the jury experienced at trial. Her frustration with the prosecutor and detectives was explosive, often crude, and unrelenting. Accordingly, the record supports trial counsel's

testimony[2] that it was in Coleman's best interest that the jury believe [Powell's] recantation and assertions of police coercion of her written statement and identification of Coleman. In furtherance of this strategy, trial counsel did not raise a hearsay objection to[:] a) [Powell's] account that police told her that they had statements from other persons but lost their original witness or b) her testimony that a friend told her that Coleman and his codefendant committed the murder in question, because [counsel] did not want corrective elements being inserted into an otherwise unabashed and powerful recantation by the witness. Instead, [counsel] harnessed the vigor of [Powell's] recantation and highlighted precise elements of such recantation on cross-examination. In closing, trial counsel argued to the jury that [Powell's written] statement was merely a piece of paper that should not be considered, as its veracity was clouded by her drug use and own pending criminal charges at the time it was made and he urged the jury to accept her vehement contentions that she didn't see anything and was coerced by detectives. This court has determined that [trial] counsel's performance had a reasonable basis and, thus, no relief is do.

With regard to [Hall], the ineffectiveness claims before this court are counsel's failure to make hearsay objections to [Hall's] declaration that detectives informed him that they knew "them two did it" and to [Hall's] testimony that he knew Coleman and his codefendant and that the rumor on the street was that they committed the murder at issue. As with the claims concerning [Powell], these claims too must be examined in the context of all evidence and testimony presented at trial as well as [Hall's] own presentation on the stand. Further, like [Powell], trial counsel was faced with a written statement to police—which corroborated Coleman's bragging about killing [the victim]—that Coleman needed to have discredited and disbelieved by the jury.

At trial, [Hall] testified on the heels of [Powell], wherein he denied ever giving a written statement to police, denied that the signature on the proffered statement was his, and recanted the entire substance of the proffered statement. The at-issue

_____

[2] At the March 23, 2022, argument following our remand, the PCRA court likened the parties' joint stipulation regarding trial counsel's purported testimony to a deposition in a civil matter, and further noted that a PCRA proceeding is civil in nature. N.T., 3/23/22, at 5.

testimony regarding the detective saying that they knew "them two did it" and Hall's indication that it was the rumor on the street that Coleman and his [codefendant] had committed the murder was presented amidst Hall's complete rejection of the substance of the [written] statement and complete rejection that any statement was ever given or signed by him. As with [Powell], trial counsel's objective was to have the jury be persuaded to discredit the content of the respective statements to police, as the statements corroborated the identification of Coleman as the person who shot [the victim] multiple times and corroborated Coleman's bragging about having killed [the victim].[3] Accordingly, trial counsel did not elect to interject corrections into otherwise recanted testimony. On cross-examination, trial counsel reaffirmed Hall's testimony that he wasn't present when [the victim] was shot, he didn't know who killed him, and that when he was brought to the police station he was brought in on a detainer for his own open drug charges. This court has determined that [trial] counsel's performance had a reasonable basis, and, thus, no relief is due.

PCRA Court Opinion, 2/14/23, at 11-13 (unnumbered).

Our review of the record, including Coleman's trial transcript and the joint stipulation, amply supports the PCRA court's conclusions that trial counsel had a reasonable basis for not objecting to any hearsay testimony made by either Powell or Hall during their recantations of their written statements to police.

Coleman's claims to the contrary are unavailing. He presents no substantive argument regarding any of the alleged hearsay statements identified by our Supreme Court in its 2020 opinion and addressed by the

---

[3] At trial, another Commonwealth witness, Rashe Bellmon, testified that Coleman bragged about the killing. *See* N.T., 8/29/12, at 60.

PCRA court above.[4]  Instead, Coleman asserts that the manner in which the court received trial counsel's stipulated "testimony" prejudiced him and that we should remand for a substantive evidentiary hearing.  He cites no authority to support his claim that the use of a joint stipulation in lieu of an evidentiary hearing prejudiced him to a degree that a new hearing is required.

Further, Coleman makes the bare assertion that he "suffered prejudice because there was no reasonable basis for allowing the hearsay testimony of [Powell] and [Hall] to be admitted at trial."  Coleman's Brief at 15.  Coleman makes this claim without acknowledging the PCRA court's analysis cited above.  Claims of trial counsel's ineffectiveness are not self-proving and therefore cannot be raised in a vacuum.  ***See generally***, ***Commonwealth v. Pettus***, 424 A.2d 1332 (Pa. 1981).

"When evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential."  ***Commonwealth v. Perry***, 128 A.3d 1285, 1290 (Pa. Super. 2015). "Counsel will not be deemed ineffective where the strategy employed has some reasonable basis designed to effectuate his or her client's interests."  ***Id.***  A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater

---

[4] We note that the statement to which he refers in his first issue, that "he carried guns and liked to shoot people" was remanded by our Supreme Court to be considered as an improper reference to prior bad acts, not hearsay. ***See Coleman***, ***supra***.

than the course actually pursued. *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998). Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-63 (Pa. Super. 2000) (quoting *Commonwealth v. Miller*, 431 A.2d 233, 234 (Pa. 1981). Finally, a PCRA petitioner is not entitled to appellate relief simply because a chosen strategy is unsuccessful. *Commonwealth v. Buksa*, 655 A.2d 576, 582 (Pa. Super. 1995).

Because Coleman provides no argument to challenge the PCRA court's conclusion that trial counsel had a reasonable basis for not objecting to the hearsay statements, and the record supports the trial court's conclusions that trial counsel acted reasonably, Coleman's first ineffectiveness claim fails.[5]

In his second issue, Coleman presents a layered claim of ineffectiveness in which he asserts trial counsel was ineffective for failing to object to the exclusion of the public[6] during jury selection, and that PCRA counsel was ineffective for failing to "raise and preserve the issue of [Coleman] being denied his right to a public trial." Coleman's Brief at 19.

---

[5] Because the PCRA court concluded that trial counsel was not ineffective for failing to object to the hearsay testimony, we further note that there was no need for a jury instruction as discussed in *Coleman*, *supra*.

[6] Although in his issue cited above, Coleman refers to the jury being excluded from access to the courtroom during *voir dire*, given his supporting argument it is clear that he means exclusion of the public. *See* Coleman's Brief at 19.

Initially, given the limited scope of this Court's remand, we question whether PCRA counsel's ineffectiveness can be challenged at this time. *Compare Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) (holding that a PCRA petitioner may challenge the effectiveness of PCRA counsel at his or her first opportunity to do so, even if it is on appeal). Nevertheless, we note that, in his 2015 PCRA petition, Coleman did raise a claim of trial counsel ineffectiveness for failing to object to the exclusion of the public from jury selection, which the PCRA court denied, and Coleman did not challenge the PCRA court's conclusion in his original appeal to this Court.

In its original opinion supporting its initial denial of Coleman's 2015 PCRA petition, the PCRA court explained:

> Coleman set forth a claim of ineffectiveness for counsel's failure to object to this court's decision to close the courtroom to the public during *voir dire* due to the large panel of jurors requested and the limited space in the courtroom. Coleman's claim was presented in advance of the Supreme Court's decision in *Weaver v. Massachusetts*, [137 S.Ct. 1899 (2017)], wherein the Court granted certiorari on the limited issue of "whether a defendant must demonstrate prejudice in a case [. . .] in which a structural error is neither preserved nor raised on direct review but is raised later via a claim alleging ineffective assistance of counsel, [. . .] specifically and only in the context of trial counsel's failure to object to the closure of the courtroom during jury selection. On June 22, 2017, the Court ruled in the affirmative, holding that a petition *must show prejudice* in a claim of ineffectiveness based upon the trial counsel's failure to object to the closure of the courtroom during jury selection.
>
> As such, this court relies on our longstanding Superior Court precedent in *Commonwealth v. Brandt*, [509 A.2d 872 (Pa. Super. 1986)], wherein the Court rejected Brandt's ineffectiveness claim based upon trial counsel's failure to object to *voir dire* being conducted in chambers rather than in open court

- 14 -

due to space limitations. The Court reasoned that Brandt had not demonstrated that "public *voir dire* would have offered a potential for success greater than the selection process actually utilized or that he was prejudiced in any way because his trial counsel failed to request an alternate procedure." In applying **Brandt**, as well as **Weaver**, this court has determined that Coleman has failed to establish a reasonable probability that, had jury selection been open to the public, the verdict returned would have been different. Accordingly, Coleman has not satisfied the requisite prejudice prong [of the ineffectiveness test] and, thus, his claim does not warrant relief.

PCRA Court Opinion, 12/19/17, at 4-5, (paragraph break added; footnotes and excess capitalization omitted). Within his brief, Coleman offers nothing to disturb the original PCRA court's determination regarding trial counsel's alleged ineffectiveness. Thus, because trial counsel was not ineffective, Coleman's present claim of PCRA counsel's ineffectiveness likewise fails. **Burkett**, **supra**.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2023

- 15 -