## Commonwealth *v.* Showalter, Appellant.

Argued September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Penn B. Glazier,* Assistant Public Defender, with him *Theodore S. Danforth,* Public Defender, for appellant.

*Michael H. Ranck,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, submitted a brief for Commonwealth, appellee.

OPINION BY JACOBS, J., December 11, 1974:

Appellant, Cary Wade Showalter, was charged with simple assault[1] and recklessly endangering another person.[2] On January 14, 1974, he received a jury trial and was acquitted of simple assault but found guilty of recklessly endangering another person. After being sentenced to 11½-23 months imprisonment, appellant filed this appeal. Several issues are presently raised by appellant which we find to be without merit and we affirm the judgment of sentence.

The charges in the present case arose out of an altercation between appellant and the prosecutrix. At trial, the prosecutrix testified to the following facts: on Saturday evening, September 22, 1973, appellant visited the prosecutrix at her home; prior to this meeting, appellant and the prosecutrix had "gone together" for several years, but recently the prosecutrix had been trying to terminate the relationship; after appellant

---

[1] Act of December 6, 1972, P. L. 1482, No. 334, §1, 18 Pa.C.S. §2701.

[2] Act of December 6, 1972, P. L. 1482, No. 334, §1, 18 Pa.C.S. §2705.

entered her house, an argument soon erupted and the prosecutrix ordered appellant to leave; instead of leaving, appellant approached the prosecutrix and started to choke her; after choking her for one or two minutes, appellant left the house; later that evening, the prosecutrix went out for the remainder of the night; when she returned the next morning, which was Sunday, she discovered that someone had broken into the house and taken some items belonging to her; that morning she received several phone calls from appellant and eventually appellant returned the things that were taken; later that Sunday the prosecutrix drove to a gas station for a newspaper; at the gas station appellant approached her and threatened to get her in trouble if she ever tried to "get him" for breaking in; while she was driving home, appellant in his car cut in front of her, forcing her off the road; appellant then came over to her and pulled her hair and held his hands over her mouth so she could not talk; after that the prosecutrix drove to an auto body shop, apparently for some gas; appellant followed her there and pulled in next to her car, striking it with his car and causing $208.00 worth of damage; the following day, which was Monday, the prosecutrix contacted the police and filed the previously mentioned charges against appellant.

Appellant took the stand in his own behalf and his version of the facts was as follows: he did not visit the prosecutrix on September 22 but did visit her one week earlier; at that time they had a verbal argument because the prosecutrix was using illegal drugs, but appellant never choked her; he, however, had pushed and shoved her in the past because she attacked him with a knife; furthermore, he never tried to force her off the road with his car but simply pulled over to talk to her; at that time he did not use violence on her but did put his hand over her mouth to quiet her down; he never hit her car at the auto body shop, but she drove

into his car causing the damage to her own car; although he did return the things that were taken from her house, he did not steal them but someone else had taken them for a joke; and before the trial the prosecutrix had told him that she was sorry about the charges and offered to drop them.

Appellant's friend testified that he was in the car with appellant on Sunday; that appellant did not force the prosecutrix off the road; and that it was the prosecutrix who damaged her own car by driving it into appellant's car.

The first issue appellant raises is whether the lower court should have granted his motion for a mistrial when the prosecutrix on direct testified that on Saturday evening someone broke into her home taking some things, and that appellant later returned the things to her. We agree with appellant that "an accused is not to be convicted of one crime by the use of evidence of other unrelated crimes." *Commonwealth v. McGonigle*, 228 Pa. Superior Ct. 345, 348, 323 A.2d 733, 734 (1974). It is also, however, the law in this Commonwealth that evidence of other crimes is admissible when it tends to prove the defendant's motive, his intent, the absence of mistake or accident, the identity of the accused, or a common scheme, plan or design of two or more crimes which are so related that proof of one tends to prove the others. *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973). Our Court has had occasion to state that "commission of another offense is admissible if it '. . . became part of the history of the event on trial, or was part of the natural development of the facts. . . .' " *Commonwealth v. McKenna*, 206 Pa. Superior Ct. 317, 320, 213 A.2d 223, 225 (1965) (citation omitted).

We are satisfied that the alleged break-in was not unrelated to the crimes with which appellant was charged. The testimony of the break-in and subsequent

return of property was closely interwoven into the facts of the case. It was only natural for the prosecutrix to testify about the break-in because it occurred shortly after the argument and alleged assault by appellant on Saturday and explained in part the alleged threats and harassment the prosecutrix experienced on Sunday. Such testimony was clearly part of the logical development of this case. Moreover, the complained-of testimony indicated that the actions of appellant during the two days in question was intended and no mere accident. Accordingly, the lower court did not err by admitting the testimony.

The second issue appellant raises, which is similar to the first, is whether the lower court erred in permitting the prosecuting attorney to elicit from appellant on cross-examination evidence of prior crimes. Specifically, appellant was asked whether he had ever hit the prosecutrix on other occasions. Appellant replied that "[he] had hit her at a time or two when she attacked [him] with something. . . ." Again we are satisfied that the foregoing testimony was not unrelated to the crimes with which appellant was charged. Although the testimony was not part of the sequence of events that took place on that Saturday and Sunday, it did demonstrate the earlier animosity between the parties. The admission of such testimony tended to prove that the alleged offenses committed by appellant were intended, not an accident, and constituted part of an overall scheme of harassment of the prosecutrix. The lower court did not err when it admitted such testimony.

Appellant's third argument is that the lower court erred by refusing appellant's request for a jury information list used by the prosecuting attorney in his selection of the jury. Apparently, the District Attorney's office had conducted an investigation of prospective jurors and this information was compiled and used

to reveal possible prejudice on the part of the jurors. Although immediately prior to trial appellant's counsel requested access to this list and was denied by the court below, no petition for discovery of the list was filed 5 days before trial as required by Pa. R. Crim. P. 310. Moreover, we have already considered the issue and have held that such a list is not within the realm of discovery. *Commonwealth v. Foster*, 219 Pa. Superior Ct. 127, 280 A.2d 602, *allocatur refused*, 219 Pa. Superior Ct. *xxxvi* (1971).[3]

Appellant's final argument is that he was discriminated against because as a man he was given a minimum sentence while women pursuant to the Act of July 16, 1968, P. L. 349, No. 171, §1, 61 P.S. §566 (Supp. 1974-1975), do not receive minimum sentences. Recently, the provision of the Act of July 16, 1968, which required courts not to impose a minimum sentence on women, has been held unconstitutional and the propriety of minimum sentences for both men and women has been established. *Commonwealth v. Butler*, 458 Pa. 289, 328 A.2d 851 (1974).

Judgment affirmed.

PRICE, J., dissents.

---

[3] Recently the Pennsylvania Supreme Court has reaffirmed our decision in *Foster*. *Commonwealth v. Smith*, 457 Pa. 638, 326 A.2d 60 (1974).