500 A.2d 173

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Herbert Mantore JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted August 5, 1985.

Filed Nov. 1, 1985.

94

David S. Shrager, Duquesne, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WIEAND, POPOVICH and LIPEZ, JJ.

WIEAND, Judge:

This is an appeal from an order denying a P.C.H.A. petition after hearing.

Herbert M. Johnson was tried before a jury which found him guilty of armed robbery and murder in the second degree. Post-trial motions were denied, and Johnson was sentenced to prison for life. On direct appeal, Johnson was represented for the first time by counsel other than trial counsel. The Superior Court affirmed per curiam, and the Supreme Court denied allocatur. When Johnson next filed a P.C.H.A. petition, the court appointed a third attorney to represent him. Johnson, however, retained present counsel, his fourth, and court appointed counsel withdrew. An amended P.C.H.A. petition was then filed in which Johnson alleged that trial counsel and appellate counsel had rendered constitutionally ineffective assistance. An evidentiary hearing was held, but the court denied relief. In this appeal from the denial of post-conviction relief, Johnson argues that prior counsel were ineffective because they failed to preserve at trial and/or on direct appeal (1) that appellant may have been observed in handcuffs by members of the jury; (2) that the trial court did not instruct the jury on involuntary manslaughter; (3) that improper remarks were made by the prosecuting attorney during his opening statement; and (4) that the voir dire examination of prospective jurors was not held in public. We find no merit in these contentions and, therefore, affirm the order of the P.C.H.A. court.

As a general rule, ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which counsel whose effectiveness is being challenged no longer represents the defendant. *Commonwealth v. Hubbard*, 472 Pa. 259, 276 n. 6, 372 A.2d 687, 695 n. 6 (1977). However, where a P.C.H.A. petitioner alleges the ineffectiveness of appellate counsel for failing to raise trial counsel's ineffectiveness, the issues of trial and appellate counsel's effectiveness are properly presented to the P.C.H.A. court. See: *Commonwealth v. Gans*, 271 Pa.Super. 193, 197–198, 412 A.2d 642, 644 (1979).

In examining the P.C.H.A. court's denial of relief, our scope of review is limited to determining whether the court's findings were supported by the record and its order otherwise free of legal error. *Commonwealth v. Broadwater*, 330 Pa.Super. 234, 241, 479 A.2d 526, 530 (1984); *Commonwealth v. Bellamy*, 321 Pa.Super. 471, 475, 468 A.2d 806, 808 (1983). The findings of the P.C.H.A. court will not be disturbed unless they have no support in the record. *Id.* With respect to issues of credibility, we must defer to determinations made by the P.C.H.A. court. *Commonwealth v. Jones*, 324 Pa.Super. 359, 363, 471 A.2d 879, 881 (1984). We are guided by these restraints in determining the effectiveness of counsel in this case.

The initial inquiry which we make is whether appellant's claims are of arguable merit. *Commonwealth v. Parker*, 503 Pa. 336, 341, 469 A.2d 582, 584 (1983); *Commonwealth v. Kenney*, 317 Pa.Super. 175, 182, 463 A.2d 1142, 1145 (1983) (quoting *Commonwealth v. Kaufman*, 307 Pa.Super. 63, 73, 452 A.2d 1039, 1044 (1982)). Only if the underlying claim is of arguable merit must we inquire whether the strategy chosen by counsel had some reasonable basis designed to effectuate the interest of his client. *Commonwealth v. Hubbard, supra,* 472 Pa. at 278, 372 A.2d at 696. The burden of establishing counsel's ineffectiveness lies with the petitioner. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802, 806 (1985). Counsel's effectiveness is presumed. *Commonwealth v. McNeil, supra; Commonwealth v. Kenney, supra.* After careful review of the record in this case, we agree with the P.C. H.A. court that there was no arguable merit in any of appellant's averments that he received ineffective assistance of counsel.

Johnson's first contention was that members of the jury may have seen him being led into the courtroom wearing handcuffs and that trial counsel was ineffective for failing to move for a mistrial on that basis. "As a general rule, defendants 'should not be subjected to physical restraint while in court unless the trial judge has found such re-

straint reasonably necessary to maintain order.'" *Commonwealth v. Chew*, 338 Pa.Super. 472, 481, 487 A.2d 1379, 1384 (1985) (quoting A.B.A. Project on Minimum Standards For Criminal Justice, Standards Relating to Trial by Jury, Section 4.1(c) (Approved Draft, 1968)). See also: *Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976); *Commonwealth v. Mayhugh*, 233 Pa.Super. 24, 336 A.2d 379 (1975). Nevertheless, it is clear "that a brief, accidental sighting of a defendant in custodial trappings, without more, is not so inherently prejudicial as to significantly impair the presumption of innocence to which a defendant is entitled." *Commonwealth v. Dooley*, 332 Pa.Super. 227, 237, 481 A.2d 336, 341 (1984).

■ The record in this case discloses that while Johnson, in handcuffs, and his escort, the deputy sheriff, were waiting for an elevator in a hallway outside the courtroom, some of the jurors (the number is unclear) who were waiting for an elevator at the other end of the hallway, looked in appellant's direction. According to the deputy sheriff who testified to the incident, he could not "be sure if they saw the cuffs.'" (N.T. 4/12/77, at 26). The P.C.H.A. court found that "[t]he presence of the defendant and jurors was accidental and the result of a 'mix-up.'" Trial Op. at 5. The court concluded that under these circumstances, a brief sighting of the defendant in handcuffs was not grounds for a mistrial. The court's determination is supported by the record and is consistent with prior appellate decisions. See, e.g., *Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976) (court refused to grant a mistrial where defendant failed to offer evidence indicating that jurors had in fact seen him in handcuffs in a hallway outside the courtroom); *Commonwealth v. Evans*, 465 Pa. 12, 348 A.2d 92 (1975) (no grounds for mistrial where alleged observation of defendant in handcuffs occurred outside courtroom for brief period, and where it was unclear whether the jury actually had seen him).

■ "[I]n a murder prosecution, an involuntary manslaughter charge shall be given only when requested, and where the offense has been made an issue in the case and

the trial evidence reasonably would support such a verdict." *Commonwealth v. White*, 490 Pa. 179, 185, 415 A.2d 399, 402 (1980); *Commonwealth v. Williams*, 490 Pa. 187, 190, 415 A.2d 403, 404 (1980); *Commonwealth v. Hassine*, 340 Pa.Super. 318, 349, 490 A.2d 438, 454 (1985). The record in this case indicates that Johnson and two other men, in order to acquire "some quick money," decided to rob a local bar. Johnson was aware that the man who was to accompany him into the bar, Rodney Smith, possessed a handgun in order to "get the jump" on the bartender. After the men had entered the bar, wearing face masks, Smith shot and killed the bartender. The two men then fled with the bar's cash register. Because Johnson and his co-felons were committing an armed robbery at the time of the shooting, the killing, at a minimum, was second degree murder under the felony murder rule. See: *Commonwealth v. White, supra,* 490 Pa. at 186, 415 A.2d at 402. Therefore, the evidence did not reasonably support a finding of involuntary manslaughter. We agree with the P.C.H.A. court that trial counsel was not ineffective for failing to request an instruction pertaining to involuntary manslaughter.

 The alleged impropriety in the prosecutor's opening statement was his characterizing the armed robbery as a product of a "conspiracy" and his alluding to the fact that the accomplice robbed several bar patrons before the men left the bar with the cash register. We have stated in *Commonwealth v. Showalter*, 231 Pa.Super. 278, 332 A.2d 456 (1974):

"[A]n accused is not to be convicted of one crime by the use of evidence of other unrelated crimes." *Commonwealth v. McGonigle*, 228 Pa.Super. 345, 348, 323 A.2d 733, 734 (1974). It is also, however, the law in this Commonwealth that evidence of other crimes is admissible when it tends to prove the defendant's motive, his intent, the absence of mistake or accident, the identity of the accused, or a common scheme, plan or design of two or more crimes which are so related that proof of one tends to prove the others. *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973). Our Court has had

occasion to state that *"commission of another offense is admissible if it '... became part of the history of the event on trial, or was part of the natural development of the facts.'"* *Commonwealth v. McKenna,* 206 Pa.Super. 317, 320, 213 A.2d 223, 225 (1965) (citation omitted). *Id.,* 231 Pa.Superior Ct. at 282, 332 A.2d at 458 (emphasis added). The P.C.H.A. court correctly found that the actions of Johnson and his partners could properly be characterized as a "conspiracy" by the prosecuting attorney and that his reference to robbing the bar patrons was proper because this act was part of the history of the event and also part of the natural development of the facts.

■ Appellant's final contention, that prior counsel were ineffective for failing to assert and/or preserve Johnson's right to public jury selection, was raised in Johnson's pro se P.C.H.A. petition and is presumably based upon decisions in *Press-Enterprise Co. v. Superior Court of California,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) and *Commonwealth v. Johnson,* 309 Pa.Super. 367, 455 A.2d 654 (1982). Appellant's amended petition did not specifically reiterate this ground. However, it did state that new grounds were being alleged in addition to his original pro se claim. We conclude that this was sufficient to preserve the jury selection issue for the P.C.H.A. court. Although the P.C.H.A. court failed to address the issue, it is nevertheless clear that there is no merit in appellant's argument.

We will not "impose upon trial counsel [or appellate counsel] the qualities of a seer ... and counsel will not be deemed ineffective for failing to predict future developments in the law." *Commonwealth v. Triplett,* 476 Pa. 83, 89–90, 381 A.2d 877, 881 (1977). On the contrary, we examine counsel's stewardship under standards as they existed at the time of his actions. *Id.,* 476 Pa. at 89, 381 A.2d at 881. Neither trial counsel in 1977, when this case was tried, nor appellate counsel could be required to anticipate, at the risk of being found ineffective, the subsequent decisions in *Press-Enterprise, supra* and *Johnson, supra.* Moreover, counsel will not be deemed ineffective for failing to do something which would not have affected the result.

See: *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984).

■ When this case was tried it was not unusual in this Commonwealth to conduct voir dire in a room apart from the courtroom and then bring the selected jury into the courtroom for trial. See, e.g., *Commonwealth v. Knight,* 469 Pa. 57, 69–70 n. 11, 364 A.2d 902, 908 n. 11 (1976). This was true even though the right to public trial (and hence public voir dire) had been a longstanding, recognized part of Anglo-American jurisprudence. See: *Press-Enterprise, supra.* Public trials ensured that fairness would be accorded the defendant and public concerns vindicated. *Id.* The practice of conducting voir dire in a separate room in advance of taking testimony in the courtroom was not intended to and did not undermine the safeguards of public trials. The purpose of the procedure was to enhance the efficient movement of cases. If a defendant requested voir dire and jury selection in the courtroom, of course, he was entitled thereto. Because in most cases there was no practical advantage to be gained by insisting upon voir dire in the courtroom, however, such requests were seldom made. Thus, trial counsel, in 1977, was not required to raise, at the risk of being deemed ineffective, the nonpublic selection of a jury later condemned by decisions in *Press-Enterprise* and *Johnson.*

■ Moreover and in any event, appellant failed in this case to show that public voir dire would have offered a potential for success greater than the selection process actually utilized or that he was prejudiced in any way because his trial counsel failed to request an alternate procedure. "A finding that appellant is entitled to a new trial cannot be made unless it can be concluded that the alternatives not chosen offered a potential for success substantially greater than the tactics actually utilized, resulting in prejudice...." *Commonwealth v. Garvin, supra,* 335 Pa.Super. at 566, 485 A.2d at 39. Thus, even if we were to find arguable merit in appellant's claim that counsel in 1977 should have requested public voir dire, appellant would not be entitled to a new trial, for he failed to show that the

course followed by counsel affected the fairness of his trial or otherwise caused prejudice. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Litzenberger,* 333 Pa.Super. 471, 482 A.2d 968 (1984). He failed to show that he had requested that counsel seek public voir dire, that the voir dire actually conducted had been suggestive or otherwise improper, that the jury selection process had been tainted or, indeed, that anyone seeking admittance during jury selection had been denied admission. Finally, appellant has not even dared to suggest a likelihood that a jury selected in a different manner would have reached a different result. Because there is no reason to find that an alternate course would have offered "a potential for success substantially greater" than the result achieved by nonpublic voir dire, appellant's present contention must be rejected. His prior attorneys were not ineffective.

Finding no merit in appellant's several arguments that he received ineffective assistance from prior counsel, we will affirm the order denying P.C.H.A. relief.

Order affirmed.

POPOVICH, J., concurs in the result.