J. S93003/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                                        :
                  v.                     :
                                        :
ANTOINE BENNETT,                   :
                                        :
                   Appellant       :       No. 2584 EDA 2016

Appeal from the PCRA Order August 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0108651-2006

BEFORE: DUBOW, SOLANO, AND PLATT, JJ.[*]

MEMORANDUM BY DUBOW, J.:           **FILED JANUARY 26, 2017**

Appellant, Antoine Bennett, appeals from the August 16, 2016 Order

entered in the Philadelphia County Court of Common Pleas denying his first

Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541-9546. We affirm on the basis of the PCRA court's August 30, 2016

Opinion.

On September 22, 2006, a jury convicted Appellant of Second-Degree

Murder and related offenses. On November 6, 2006, the trial court

sentenced Appellant to life imprisonment.

Appellant filed a direct appeal. This Court affirmed Appellant's

Judgment of Sentence on March 18, 2008. ***Commonwealth v. Bennett***,

---

[*] Retired Senior Judge Assigned to the Superior Court.

No. 3085 EDA 2006 (Pa. Super. filed March 18, 2008) (unpublished memorandum). Our Supreme Court denied allowance of appeal on October 23, 2008. **Commonwealth v. Bennett**, 960 A.2d 454 (Pa. 2008).

On May 11, 2009, Appellant filed the instant timely *pro se* PCRA Petition, his first, later amended by appointed counsel, alleging, *inter alia*, ineffective assistance of trial and appellate counsel.

After providing Notice to Appellant pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's Petition without a hearing on August 16, 2016[1]. Appellant filed a timely Notice of Appeal.

Appellant presents the following issues for our review:

I. Is Appellant entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing?

A. Was trial counsel ineffective when he failed to raise in the direct appeal the issue of the trial court's denial of a motion for mistrial made as a result of reference to the photograph number on Appellant's photograph shown to Commonwealth witness Robert Burks?

B. Was trial counsel ineffective when he failed to raise in the direct appeal the issue of the trial court's error in denying a motion for mistrial after a Commonwealth witness testified "Twan had just gotten out of jail"?

---

[1] We note that more than six years elapsed from the time court administration at the First Judicial District appointed PCRA counsel until subsequent appointed counsel filed an Amended PCRA petition. (Once PCRA counsel filed an amended petition, the trial court disposed of the matter quickly.) While we understand that the First Judicial District has a heavy caseload and has recently begun to divert resources to ensure that PCRA petitions are ready for disposition more quickly, it is not acceptable to allow PCRA counsel six years to file a petition. We, however, do not find that the delay prejudiced the Appellant.

C. Was trial counsel ineffective when he failed to raise in the direct appeal the issue of the prosecutor's misconduct as a result of his violation of a stipulation excluding any and all evidence concerning Appellant's prior incarceration?

D. Was trial counsel ineffective when he failed to raise in the direct appeal the issue of the trial court's denial of Appellant's request for a[n] involuntary manslaughter jury instruction?

E. Was trial counsel ineffective when he failed to object to the portion of the prosecutor's summation in which [she] defined coercion for the jury?

F. Was trial counsel ineffective when he failed to bring to the trial court's attention the fact that the prosecutor did not furnish material evidence to the defense during trial, which resulted in a **Brady**[2] violation and object to the inadmissibility of the ballistics expert's conclusion?

G. Was trial counsel ineffective when he failed to object to and/or raise in the direct appeal the issue of the fact that Detective Joseph Bamberski employed two[-]step interrogation techniques during interrogation and obtained detrimental testimony?

Appellant's Brief at 4-5.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's

---

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Each of Appellant's issues in this appeal avers that he received ineffective assistance of trial or appellate counsel. The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to

effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

First, Appellant must meet the "arguable merit" prong. "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Pierce*, 645 A.2d 189, 194 (Pa. 1994) (quotation and citation omitted). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004) (quotation and citation omitted).

Second, Appellant must meet the "no reasonable basis" prong. We apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. *Pierce*, *supra* at 194-95. "If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective." *Id*. (quotation and citation omitted).

Third, Appellant must meet the "prejudice" prong. "Prejudice is established when a defendant demonstrates that counsel's chosen course of

action had an adverse effect on the outcome of the proceedings." **Commonwealth v. Chambers**, 807 A.2d 872, 883 (Pa. 2002) (quotation marks and citation omitted). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id**. (quoting **Strickland v. Washington**, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." **Id**. "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." **Id**. (quotation marks and citation omitted).

Appellate counsel is not required to raise all non-frivolous claims on appeal. Rather, appellate counsel may select to raise those issues that maximize the likelihood of success on appeal. Thus, "[a]rguably meritorious claims may be omitted in favor of pursuing claims which, in the exercise of appellate counsel's objectively reasonable professional judgment, offer a greater prospect of securing relief." **Commonwealth v. Lambert**, 797 A.2d 232, 244 (Pa. 2001) (citation omitted).

The Honorable Jeffrey P. Minehart, sitting as both the trial court and the PCRA court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing to the record and relevant case law in addressing Appellant's ineffectiveness claims. The record supports the PCRA court's findings and its Order is otherwise free of legal error. We affirm on the basis

of the PCRA court's August 30, 2016 Opinion. **See** PCRA Court Opinion, 8/30/16, at 2-19.

The parties are instructed to attach a copy of the PCRA court's August 30, 2016 Opinion to all future filings.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2017

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA      COURT OF COMMON PLEAS
: PHILADELPHIA COUNTY
:
vs.      : NO.: CP-51-CR-0108651-2006
:
ANTOINE BENNETT      :
     Defendant      **FILED**

CP-51-CR-0108651-2006 Comm. v. Bennett, Antoine
Opinion



7492817451

**AUG 30 2016**

Appeals/Post Trial
Office of Judicial Records

### OPINION

On September 22, 2006, defendant, Antoine Bennett, was convicted of second degree murder, robbery and various weapons offenses following a jury before this Court. On November 6, 2006, this Court imposed the mandatory sentence of life imprisonment on the murder bill, a consecutive sentence of three and one-half to seven years' imprisonment on a charge of carrying a firearm without a license, and a concurrent sentence of two and one-half to five years' incarceration on the charge of possessing an instrument of crime, generally. Briefly, said charges arose out of an incident that occurred on November 30, 2005, during which defendant shot and killed Moses Walker during a robbery. Following his arrest, defendant confessed to his mother and then the police that he had shot the victim.[1]

Following the imposition of sentence, defendant appealed to the Superior Court. On March 8, 2008, the Superior Court issued a memorandum and order affirming the

---

[1] For a more detailed recitation of the facts, please see this Court's opinion dated March 4, 2007.

1

judgment of sentence. Commonwealth v. Bennett, 3085 EDA 2006. Defendant thereafter filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on October 23, 2008. Commonwealth v. Bennett, 169 EAL 2008.

On May 11, 2009, counsel filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA) 42 Pa.C.S. § 9541 *et seq.* Counsel was appointed to represent him and on May 25, 2015, appointed counsel filed an Amended Petition, following which the Commonwealth filed a Motion to Dismiss.[2] On August 16, 2016, this Court, having carefully reviewed the entire record, dismissed defendant's request for post-conviction collateral relief without a hearing.[3] That same day, defendant filed a notice of appeal.

**DISCUSSION**

In his Amended Petition, defendant asserted that prior counsel was ineffective for the following reasons:[4]

> 1.) failing to raise on appeal a claim alleging that this Court erred by denying a motion for a mistrial proffered after a detective made reference to a police photo number on a photo of defendant;
>
> 2.) failing to raise on appeal a claim alleging that the prosecutor violated stipulation excluding any reference to defendant's incarceration; "Twan just got out of jail.";
>
> 3.) failing to raise on appeal a claim alleging that this Court erred by denying a motion for a mistrial proffered after a stipulation between the parties that there would be no mention of defendant's incarceration;
>
> 4.) failing to raise on appeal a claim alleging that this Court erred by denying a request that the jury be charged on involuntary manslaughter;

---

[2] The delay in disposing of this matter was caused by medical issues that arose with respect to the PCRA attorney appointed to represent defendant.
[3] This Court sent defendant a Pa.R.Crim.P. 907 notice on July 5, 2016.
[4] Defendant was represented by the same counsel at trial and on direct appeal.

2

5.) failing to object during the trial when the prosecutor defined coercion in the context of a police interrogation during her closing speech;

6.) failing to raise a Brady and Frye claim; and

7.) failing to object and/or raise on appeal a claim that the interrogating detective used a two-step interrogation when he interviewed defendant

It is submitted that this Court properly determined that none of these claims entitled defendant to relief for the following reasons.

In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 707, 509 (Pa. Super. 2006) citing Commonwealth v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

Pennsylvania law presumes counsel is effective and therefore, the burden is placed upon the defendant to prove otherwise. Commonwealth v. Brown, 767 A.2d 576,

3

581 (Pa. Super. 2001), citing Commonwealth v. Carpenter, 725 A.2d 154, 161 (Pa. 1999), citing Commonwealth v. Marshall, 633 A.2d 1100 (Pa. 1993); see also Commonwealth v. Baker, 614 A.2d 663, 673 (Pa. 1992). Trial counsel has broad discretion in matters of trial strategy and the determination of what tactics to employ during litigation. Commonwealth v. Choi Chun Lam, 684 A.2d 153, 160 (Pa. Super. 1996). Furthermore, "[i]t is well established that failed trial tactics of defense counsel are not grounds for a new trial." Commonwealth v. Hall, 565 A.2d 144, 148 (Pa. 1989). Trial counsel will not be held ineffective if there was a reasonable strategic basis for his or her trial tactics. Commonwealth v. Pursell, 724 A.2d 293, 311 (Pa. 1999).

In order to establish that trial counsel's representation was deficient, defendant must establish all of the following three elements, as set forth in Commonwealth v. Pierce, 527, A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. Commonwealth v. Chmiel, 30 A.3d 1111, 1127 (Pa. 2011), citing Commonwealth v. Dennis, 950 A.2d 945, 954 (Pa. 2008).

The threshold question in reviewing an ineffectiveness claim is whether the issue, argument, or tactic which trial counsel failed to use at trial and which is the basis of the ineffectiveness claim is of arguable merit. Commonwealth v. Balodis, 747 A.2d 341, 343 (Pa. 2000). If defendant can prove that the argument or tactic which trial counsel failed to use at trial is of arguable merit, then the "reasonable basis" test is applied to determine if the course of action chosen by trial counsel was designed to effectuate his or her client's interest. Id. With regard to the second element, defendant must prove that "an alternative

4

[action or inaction] not chosen offered a potential for success substantially greater than the course actually pursued." Chmiel, supra, citing Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006) (alteration added). To establish prejudice, defendant must demonstrate that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Chmiel, supra, at 1127-28, citing Dennis, supra, at 954.

Further, "[i]f it is clear that if a defendant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." Commonwealth v. Rios, 920 A.2d 790, 799 (Pa. 2007), citing Commonwealth v. Albrecht, 720 A.2d 693, 701 (Pa. 1998). A PCRA proceeding requires a defendant to establish that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Rios, supra, citing Pierce, supra, at 221–22; Commonwealth v. Kimball, 724 A.2d 326, 333 (Pa. 1999).

Finally, when an ineffectiveness claim involves appellate counsel's representation, a defendant has the burden of establishing that the issue underlying the ineffectiveness claim would have resulted in the grant of relief. See Commonwealth v. May, 898 A.2d at 566 (Pa. Super 2006) (appellate counsel cannot be found ineffective for failing to present defendant's meritless claim).

Applying these standards to petitioner's first ineffectiveness claim alleging that counsel was ineffective for not raising on appeal that this Court should have granted a

mistrial when a police detective made reference to the police photo number on a photo of defendant it is clear that relief was properly denied with respect to this claim.

A review of the record shows that during the testimony of Philadelphia Police Detective Glenn, who was being questioned about a photo identification of defendant made by a witness, the detective asked if the prosecutor wanted him to recite the photo number. The prosecutor immediately cut him off before he could do so and asked the detective to identify defendant. Defense counsel then asked for a mistrial. (N.T. 9/20/06, 149-152).

After the taking of testimony had concluded for the day, defense counsel renewed his motion for a mistrial arguing that one should have been granted because there had been a concerted effort to ensure that defendant's photograph contained no reference that it was a police photograph. This Court responded by telling counsel that there had not been a reference to the police photo number but rather to the number of the photograph and that no number was recited by the witness. (N.T. 9/20/06, 184-186).

The remedy of a mistrial is required "only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal." Commonwealth v. Johnson, 719 A.2d 778, 787 (Pa. Super. 1998) (*en banc*), quoting Commonwealth v. Montgomery, 626 A.2d 109, 112-113 (Pa. 1993). The decision granting or denying a motion for a mistrial is reviewed under an abuse of discretion standard. Commonwealth vs. Lettau, 955 A.2d 360 (Pa. Super. 2008), *reversed on other grounds*, 986 A.2d 114 (Pa. 2009). An abuse of discretion "is not merely an error of judgment," but a ruling that is "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." Commonwealth v. Chambers, 685 A.2d 96, 104 (Pa. 1996).

6

Instantly, it is clear that had prior counsel challenged the denial of the motion for a mistrial on appeal, said claim would have been denied because this Court did not commit an abuse of discretion by denying it. The law provides that when there is a reference to a photographic identification, the controlling question is whether a juror could reasonably infer that the defendant had engaged in unrelated criminal activity. Commonwealth v. Lawrence, 596 A.2d 165,168 (Pa. Super. 1991). A mere "passing reference to prior criminal activity does not necessarily warrant reversal" Commonwealth v. Nichols, 400 A.2d 1281, 1282 (Pa. 1995), and the fact that the police possess a defendant's photograph is not evidence of prior criminal conduct. Commonwealth v. Reiss, 468 A.2d 451, 453 (Pa. 1983); Lawrence, 596 A.2d at169. Where, as here, there was no testimony as to how the photograph became part of the police files or even that the photograph at issue was a police photograph, the most that can be inferred is that defendant "had prior contact with the police and not a prior record or a previous conviction." See Commonwealth v. Young, 849 A.2d 1152, 1155-56 (Pa. 2004) (detective's testimony that appellant's photograph was in a database of persons "who have had contact with the police" and passing reference to appellant's police photo number merely raised an inference of prior police contact, not prior criminal activity); See also Commonwealth v. Davis, 861 A.2d 310, 322 (Pa. Super. 2004), appeal denied, 872 A.2d 171 (Pa. 2005) ("[A]bsent testimony about how the photo became part of police files, a defendant is not prejudiced when a photo array is shown to a jury").

A review of the transcript herein indicates that the exchange between the prosecutor and detective did not mention a police photo or anything else from which the jury could have inferred that defendant had prior police contacts or had engaged in

7

criminal conduct. The mere reference to a number without more is insufficient to sustain a request for a mistrial and thus, defendant did not establish that this claim possessed arguable merit.

In addition, this Court denied the claim because defendant did not prove that he was prejudiced by the complained of testimony. There is no indication that a lay jury would necessarily understand this passing reference to a number implied prior criminal convictions on the part of defendant. See Commonwealth v. Shawley, 563 A.2d 1175, 1179 (Pa. 1989) (opinion in support of affirmance) ("Although people who work in the criminal justice system of this Commonwealth may understand [the police witness's testimony that appellant had "just got out of Camp Hill three weeks before"] it is hard to believe that the average person on the jury panel would have such knowledge); Commonwealth v. Manhart, 503 A.2d 986 (Pa. Super. 1986) (where victim accurately described appellant, selected photo of him and identified him at trial, not prejudiced by testimony that photo arrays included "mug shot[s]"). "The mere fact that some record concerning a defendant (such as a mug shot) exists on file at the police department does not of itself reasonably imply that the defendant has been convicted of a crime." Shawley, 563 A.2d at 1178 (discussing Commonwealth v. Brown, 512 A2d 596 (Pa. 1986) (plurality).

If the possession by the police of one's photograph does not prove previous criminal activity but, rather, proves only that the police had a photograph of the defendant on file, certainly the reference to a number, without more, does not as well. Reiss, 468 A.2d at 453; Lawrence, 596 A.2d at 169. Assuming *arguendo* that a jury could infer that the photograph in question indicated prior contact with the police of some kind, this, in

8

itself, does not rise to the level of proving prior criminal activity. Commonwealth v. West, 656 A.2d 519, 521 (Pa. Super. 1995), allocatur denied, 668 A.2d 1131 (Pa. 1995); Lawrence, 596 A.2d at 169. See also Commonwealth v. Desabetino, 535 A.2d 169, 173 (Pa. Super. 1987) (no prejudicial error where jury apprised of fact that police maintained appellants' mug shots arising from a prior arrest). Thus, the jurors cannot be said to have been tainted by this testimony.

Ultimately, defendant's claim of ineffectiveness is based on nothing more than his own speculation concerning how the jury interpreted the testimony. As a result, this Court properly determined that this claim did not entitle defendant to relief. See Commonwealth v. Rigins, 386 A.2d 520, 524 (Pa. 1978) (lower court properly denied motion for mistrial where jury would have had to indulge in gross speculation to conclude that appellant had committed prior crimes from a detective's single statement that he knew where appellant lived). Accordingly, it is suggested that no relief be granted with respect to this claim.

Defendant's second claim arises out testimony given by a Detective Dusak, wherein, while reading defendant mother's statement, he indicated that the witness remarked that, "Twan had just gotten out of jail." Defendant's then counsel moved for a mistrial because defendant had informed police that his nickname was Twan, which this Court denied. (N.T. 9/20/06, 163-166). After the trial was adjourned for the day, this Court indicated that it had not heard the complained of testimony and agreed with the prosecution that it had been obscured by everything else defendant had related. (N.T. 9/20/06, 186-188). The Court did offer to give the jury a cautionary instruction, which counsel declined the next day of trial. (N.T. 9/21/06, 20). In his amended petition,

9

defendant claims that prior counsel should have raised on appeal a claim alleging that this Court abused its discretion by overruling the motion for a mistrial.

This Court dismissed this claim because it lacked arguable merit and defendant failed to establish that he was prejudiced by the passing reference. While the law provides that clear references to prior unrelated criminal activity warrant a mistrial, Commonwealth v. Watson, 512 A.2d 1261, 1265 (Pa. Super. 1986), our Supreme Court made clear in Commonwealth v. Nichols, 400 A.2d 1281, 1282 (Pa. 1979), that "(not) all references which may indicate prior criminal activity warrant reversal." Mere "passing references" to prior criminal activity will not necessarily require reversal unless the record illustrates that prejudice resulted from the reference. Id. See also, e.g., Commonwealth v. Johnson, , 668 A.2d 97, 105 (Pa. 1995) (held that passing references to a defendant's past incarceration do not automatically result in a new trial thereby affirming murder conviction where witness testified that she met appellant in prison).

Here, the claim lacks arguable merit because the reference was fleeting and the reason why defendant had been incarcerated was never revealed. It is mere speculation that the jury inferred from the complained of testimony that defendant was in jail because of unrelated criminal conduct. Therefore, defendant failed to meet his burden of establishing that this claim possessed arguable merit because the reference was not so prejudicial as to require the grant of a new trial. See Commonwealth v. Stein, 548 A.2d 1230 (Pa. Super. 1988) (prior consistent statement used to rehabilitate prosecution witness, which contained passing reference to defendant's prior criminal activity, did not warrant mistrial where reference was brief, referred only to defendant's getting out of jail generally, and defendant refused offer of curative instruction).

10

In addition, defendant failed to prove the prejudice prong of the ineffectiveness test. Given that the reference was made in passing it is not reasonable to assume that had prior counsel raised as an issue on appeal the denial of his mistrial motion the claim would have resulted in the grant of relief. Accordingly, it is suggested that this Court's denial of relief with respect to this claim be affirmed.

Defendant's third ineffectiveness claim accuses prior counsel of providing ineffective assistance because he did not preserve and raise a claim on appeal alleging that the prosecutor engaged in prosecutorial misconduct by violating a stipulation that no reference would be made during the trial to defendant's prior incarceration. Relying partly on the arguments made in support of the second issue discussed above, defendant argued that he was entitled to a new trial because the prosecution violated the stipulation thereby permitting the jury to hear highly prejudicial information.

Relief was denied with respect to this claim because, as noted above, the reference was made in passing and thus, did not prejudice the jury, and because there was no evidence that the prosecutor intentionally violated the stipulation. In view of this, it is unlikely that had the issue been raised on appeal, defendant would have been granted relief thereon. Accordingly, it is submitted that this Court's denial of relief on this claim be deemed correct and that the decision be affirmed.

Defendant's next claim, which asserts that previous counsel was ineffective because he did not argue on appeal that this Court committed reversible error by denying a request that the jury be instructed on the crime of involuntary manslaughter was correctly denied because defendant did not and cannot establish that had it been raised it would have been found meritorious by the Superior Court. To be eligible for a jury

11

instruction regarding a particular crime, "a criminal defendant must establish that the trial evidence would 'reasonably support' a verdict based on the desired charge." Commonwealth v. Taylor, 876 A.2d 916, 925-26 (Pa. 2005). Accord, e.g., Commonwealth v. Browdie, 671 A.2d 668, 674 (Pa. 1996) (holding that trial court shall only instruct on an offense where "the trial evidence reasonably would support such a verdict"). Therefore, defendant would only have been entitled to an involuntary manslaughter charge if the evidence showed that he acted recklessly or with gross negligence. See 18 Pa.C.S. §2504(a)) d 786 (Pa. 1997). [5]

Defendant argued that he was entitled to such an instruction because there was evidence indicating that the victim was shot during a struggle with the victim. In advancing this argument, the defense ignores that there was a struggle only because defendant was committing a gunpoint robbery of the victim when the shooting occurred. In Commonwealth v. Johnson, 500 A.2d 173, 176 (Pa. Super. 1985), the Superior Court affirmed the denial an ineffectiveness claim identical to that raised herein because the facts more appropriately supported a felony-murder conviction as the victim was killed during the course of an armed robbery of a store. See also Commonwealth v. White, 415 A.2d 399, 402 (Pa. 1980).

Fifth, defendant sought relief on a claim alleging that prior counsel was ineffective for not objecting to the following closing comments made by the prosecutor, which defendant claims concerned matters *de hors* the record:

> "Coercion is not merely talking, being talked to more than
> once. An interrogation procedure by the police is not

---

[5] Involuntary manslaughter has been defined as occurring when a person causes the death of another person as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner. See Commonwealth v. Wright, 865 A.2d 894 (Pa. Super. 2005).

12

intended to be what we have here. It is not supposed to be, okay, I call to the stand Antoine Bennett, and Antoine Bennett sits down and the detective sits like where I did, and someone like Ms. Mullen sits there and just jots everything down that anybody wants to say. That is not how a statement is supposed to be taken. That is not the purpose of a police department or interrogation procedure.

What coercion is, is you go up to someone who is completely innocent and basically continually browbeat them until they give in. Is that what happened here? Is this what happened to the defendant? He was coerced in the two hours he was sitting with Detective Bamberski, or is he basically lying to him?

(N.T. 9/21/06 p. 50-51).

When reviewing the propriety of a prosecutor's comments they must be viewed in the context in which they were made, and also within the context of the arguments advanced by defense counsel. Commonwealth v. Weiss. 776 A.2d 958, 968 (Pa. 2001). During his or her closing argument, a prosecutor may fairly comment on the evidence and may also respond to an argument presented by defense counsel. Commonwealth v. Wavne, 720 A.2d 456, 468 (Pa. 1998); Commonwealth v. Banks. 677 A.2d 335, 338-339 (Pa. Super. 1996). Particularly where a prosecutor acts in response to allegations made in a defense closing, he has wide latitude in closing argument. Commonwealth v. Graham, 560 A.2d 129, 132 (Pa. 1989). Furthermore, it is not improper for the prosecutor "to persuade the finder of fact as to the conclusions they should draw from the evidence." Commonwealth v. Gelber, 594 A.2d 672, 681 (Pa. Super. 1991). Thus, the prosecutor "is not limited... to reiterating the testimony and evidence presented," but may argue that the evidence establishes defendant's guilt. Commonwealth v. Sam. 635 A.2d 603 (Pa. 1993); Banks, supra.

13

It is submitted that this claim was properly denied because defendant failed to establish that this claim possessed arguable merit given that the remarks amounted to fair response to arguments put forth by defense counsel during his closing address wherein he made several assertions that the police coerced defendant to confess by the manner in which they interrogated defendant. (N.T. 9/21/06, 33-37). The prosecutor therefore did not violate legal constraints on a prosecutor's comments by responding to those comments.

Moreover, a careful review of the prosecutor's comments fails to show that she presented facts not in evidence but rather presented a cogent response to defense counsel's attempt to convince the jury that it should discount the authenticity of defendant's statement to police because it was the product of coercion. No ineffectiveness occurred here. See Commonwealth v. Rigler, 412 A.2d 846, 853 (Pa. 1980); cert. denied, 451 U.S. 1016 (1981) (it was not improper for prosecutor to refer in closing to evidence not of record where comment was made in fair response to comments by defense counsel in his closing). Trial counsel could not be deemed ineffective for failing to make a meritless objection.

It is further suggested that relief was properly denied with respect to this claim because defendant did not establish that the remarks caused him prejudice. In addressing prosecutorial misconduct the Pennsylvania Supreme Court has stated:

> Generally, a prosecutor's arguments to the jury are not a basis for the granting of a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict. A prosecutor must have reasonable latitude in fairly presenting a case to

14

the jury and must be free to present his or her arguments with logical force and vigor.

Commonwealth v. May, 898 A.2d 559, 567 (Pa. 2006) (quotation marks and citations omitted).

Defendant failed to meet this standard because the complained of comments failed to fatally prejudice the jury such that it was rendered incapable of rendering a fair verdict. As noted above, the comments were fair response to comments made by defense counsel and it is obvious that the remarks were made to counter defense counsel's arguments. Therefore, the denial of relief with respect to this claim should be affirmed. See Commonwealth v. Cox, 728 A.2d 923, 932 (Pa. 1999) (trial counsel was not ineffective for not objecting to argument in prosecutor's closing that constituted fair response to arguments of defense counsel), cert. denied, 533 U.S. 904 (2001); Commonwealth v. Drummond, 775 A.2d 849, 858 (Pa. Super. 2001) (same), appeal denied, 790 A.2d 1013 (Pa. 2001).

Defendant's sixth claim asserted that prior counsel was ineffective for failing to object to the opinion given by a ballastician that a bullet removed from the victim was a .9 millimeter projectile that had markings that indicated that it could have been fired from a Hi-Point semi-automatic handgun because it violated the Frye rule.[6] Defendant further claimed that because the ballastician's report concerning that projectile, which set forth his opinion, was given to defense counsel after the trial had commenced, the Commonwealth violated Brady v. Maryland, (N.T. 9/20/06, 131-132).

With respect to defendant's Frye claim, a review of the record herein indicates that the bullet was not examined until September 18, 2006, and that the ballistician who examined it was unable to say definitively that it had been fired from a Hi-Point semi-

---

[6] Frye v. United States, 293 F. 1013 (D.C. App. 1923)

15

automatic handgun. (N.T. 9/20/06, 111-113, 131-132). Generally, expert opinion testimony as to scientific or technical matters is admissible in Pennsylvania if it will be useful to the factfinder and the witness qualifies as an expert. Pa. R. E. 702. Where proposed scientific evidence is novel, however, it "must pass through [the] additional hoop" of Frye, to determine whether the underlying methodology is generally accepted in the relevant scientific community. Blum v. Merrill Dow, 705 A.2d 1314, 1317 (Pa. Super. 1997); see Grady v. Frito-Lay, 839 A.2d 1038, 1047 (Pa. 2003). Once a principle or technique has passed from experimental to general acceptance by those in the relevant filed - the "tipping point" in modern parlance - it is no longer novel, and Frye is not implicated. Commonwealth v. Dengler, 890 A.2d 372, 382 (Pa. 2005) (Frye "applies only to proffered expert testimony involving novel science").

The Frye rule derives from Frye v. United States, 293 F. 1013 (D.C. App. 1923), where the Court of Appeals for the District of Columbia was considering whether to admit, for the first time, results of a "systolic blood pressure deception test," a primitive precursor to the modern-day polygraph. The court held that the evidence was not admissible because it had not attained acceptance in the scientific community stating:

> Just when a scientific principle or discovery crosses the line between the experimental and demonstrable stages is difficult to define. Somewhere, in this twilight zone the evidential force of the principle must be recognized, and while courts will go a long way in admitting expert testimony deduced from a well-recognized scientific principle or discovery, the thing from which the deduction is made must be sufficiently established to have gained general acceptance in the particular field in which it belongs.

16

Frye , 293 F. at 1014. In Frye, where there was no indication that the expert's theory had gained acceptance from anyone other than the expert himself, the "thing" remained on the purely experimental side of the line and, therefore, was not admissible.

Because the methodology regarding the examination and identification of projectiles and firearms is far from novel and, instead, widely accepted in the forensic community, Frye did not apply here. Moreover, contrary to the argument raised by defendant, the ballistician here did not definitively state that the projectile was fired from a Hi-Point semiautomatic but merely that the markings were consistent with those left on a projectile fired from such a weapon. See Amended Petition, Paragraph 123. Thus, it was clear to this Court that the Frye claim lacked merit and that defendant did not suffer prejudice. Accordingly, it is suggested that the denial of relief with respect to this claim be affirmed.

Defendant's Brady claim was also properly denied. In Commonwealth v. Burkett, 5 A.3d 1260 (Pa. Super. 2010), the Superior Court set forth the standards applicable to a Brady claim:

> A Brady violation consists of three elements: (1) suppression by the prosecution (2) of evidence, whether exculpatory or impeaching, favorable to the defendant, (3) to the prejudice of the defendant. No violation occurs if the evidence at issue is available to the defense from non-governmental sources. More importantly, a Brady violation only exists when the evidence is material to guilt or punishment, i.e., when 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'"
> Commonwealth v. Tedford, 598 Pa. 639, 960 A.2d 1, 30 (Pa. 2008) (citations omitted). The burden of proof is on the defendant to establish that the Commonwealth withheld evidence. Commonwealth v. Ly, 602 Pa. 268, 980 A.2d 61 (Pa. 2009). A prosecutor is not required to deliver his entire

17

file to defense counsel, nor is a prosecutor's duty to disclose such that it would provide a defendant with a right to discovery. Id. To satisfy the prejudice element of a Brady violation, the evidence withheld must be material to guilt or punishment. Id. Materiality extends to evidence that goes to the credibility of a witness. Id. However, the mere possibility that an item of undisclosed information might have helped the defense or might have affected the outcome of the trial does not establish materiality in the constitutional sense. Commonwealth v. Miller, 605 Pa. 1, 987 A.2d 638 (Pa. 2009).

Where the alleged withheld Brady evidence would not affect the outcome of the trial in light of other evidence linking the defendant to the crime, the petitioner is not entitled to PCRA relief. Commonwealth v. Buehl, 540 Pa. 493, 658 A.2d 771, 776 (Pa. 1995); Commonwealth v. Copenhefer, 553 Pa. 285, 719 A.2d 242, 259 (Pa. 1998). In determining the materiality of alleged withheld evidence, the court must view the evidence in relation to the record as a whole. In addition, where there are multiple allegations of Brady violations, the court must consider the total effect of the alleged violations. Commonwealth v. Santiago, 2003 PA Super 94, 822 A.2d 716 (Pa. Super. 2003).

Burkett, 5 A.3d at 1267-1268.

Instantly, the denial of relief with respect to this claim should be affirmed because the defense did not and cannot establish that the prosecution withheld exculpatory evidence or that the evidence in question was material because the ballastician's report and his opinion about the type of gun the projectile could have been fired from was inculpatory thereby removing it from the Brady rule. In his confession, defendant told police that he had used a Hi-Point semi-automatic hand gun when he shot the victim.

The claim should also be rejected because defendant did not prove that he suffered prejudice. At trial, defense counsel elicited on cross-examination that the bullet could have been fired from other types of guns and that the ballistician did not research those other guns. (N.T. 9/20/06, 131-132). In addition, given the overwhelming evidence

18

of defendant's guilt, it was clear to this Court that had the ballistic evidence at issue not been introduced the outcome of the trial would not have been different. Therefore, it is suggested that this Court's decision to deny relief on this claim be affirmed.

In his final PCRA claim, defendant argued that he should receive a new trial because trial counsel was ineffective for failing to argue that his statement should have been suppressed because he was subjected to a two-step interrogation process without first being fully informed of the Miranda warnings prior to the commencement of the initial interview. This claim was dismissed because the question whether defendant received the warnings he was entitled to and the voluntariness and admissibility of his confession had been thoroughly addressed by this Court and the Superior Court. therefore, for the reasons set forth therein it was clear that this claim lacked merit. Accordingly, it is suggested that the denial of relief on this claim be affirmed.

## CONCLUSION

Based on the foregoing, the order denying defendant PCRA relief should be affirmed.

By the Court,

DATE: 8/30/16

Honorable Jeffrey P. Minehart

19